## C. W. MAXWELL v. THE STATE.

No. 19624. Delivered April 13, 1938.

The opinion states the case.

*J. Meek Hawkins*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by false pretext; the punishment, confinement in the penitentiary for five years.

In applying the law of theft by false pretext to the facts the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that property belonging to the injured party of the value of fifty dollars came into the possession of the appellant by a false pretext they would find appellant guilty. In his exception to the charge appellant pointed out the particulars in which it was inadequate.

We quote from Barnett v. State, 43 S. W. (2d) 449, as follows: "The gravamen of the offense of theft by false pretext is that accused came into possession of the property by a willing surrender of it to him by the owner, he, however, being induced to so deliver possession by a false pretext or device, and with the fraudulent intent on the part of the accused at the very time he came into possession of it to appropriate it to his own use, followed by such appropriation. See Porter v. State, 23 Texas App. 295, 4 S. W. 889."

See Article 1413, P. C., and Hoovel v. State, 69 S. W. (2d) 104.

It is obvious that in applying the law of theft by false pretext to the facts the charge of the court authorized the jury to convict the appellant if they believed beyond a reasonable doubt that he obtained the property of the injured party by a false pretext. Nowhere in that part of the charge applying the law of theft by false pretext to the facts were the jury required to find a fraudulent intent on the part of the appellant at the time he came into possession of the property to appropriate it to his own use. Nor were they required to believe that the property was so appropriated. The State's attorney before this Court has filed a brief in which he confesses error in respect to the matter under consideration. We are constrained to agree with him.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.