# MARCH 14, 1945

### EX PARTE WM. H. BONDS.

No. 23013. Delivered January 10, 1945.
Rehearing Denied March 14, 1945.

The opinion states the case.

HAWKINS, Presiding Judge, dissenting on motion for rehearing.

*C. E. Smith,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator is evidently an inmate of and confined in the State penitentiary at Huntsville, Texas, and he sued out a writ of habeas corpus before Hon. Max Rogers, District Judge, who granted the said writ and sent the same to this court in accordance with the Acts of the 48th Legislature, Chapter 233, page 354.

It is shown from the record herein presented that relator was charged in the district court of Atascosa County, Texas, by indictment, with the theft of property over the value of $50.00; that previous thereto relator was convicted of a similar offense alleged to have been committed on the same day, in the above county. It is further alleged that relator had been theretofore convicted on May 5, 1941, in the district court of Nolan County, Texas, of the offense of theft, which sentence is now being served; that relator was again convicted in July 1936, at Hobart, Oklahoma, of the offense of burglary; again relator was convicted in the United States District Court at Kansas City, Missouri, in February, 1938, of a violation of the Dyer Act, and sentenced to a term of two years in the Federal penitentiary at Leavenworth, Kansas; again, during the month of December, 1939, relator was convicted in the United States District Court at Dallas, Texas, of a violation of the Dyer Act, and sentenced

to a term of a year and a day in the Federal prison at Ft. Leavenworth, Kansas.

To this indictment relator pleaded guilty, after a showing in the judgment of a proper warning, and after having been found guilty as charged, and as pleaded by him, he was sentenced by the court to a life term in the State penitentiary. Relator's record from the prison also appears in the papers.

Relator alleges that because the punishment for felony theft, Art. 1421, P. C., being confinement for not less than two nor more than ten years in the penitentiary, the life term assessed him in the Atascosa County case is void; that he has served more than two years minimum sentence under Art. 1421, supra, and he is therefore entitled to his discharge from the State prison.

Relator fails to mention or discuss Art. 63, P.C., wherein it is said:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The indictment herein charges, besides the original theft, the commission upon the part of relator of six other felonies less than capital; the judgment of conviction finds relator "guilty of the offense charged against him," and the sentence conforms to the judgment of guilt, and we find no complaint relative thereto. If the indictment charged an instant felony, with six prior convictions less than capital, with a finding of guilt thereof, then we think the trial court acted properly in invoking the provisions of Art. 63, P. C. rather than Art. 1421, P. C.

There is no attack made upon the validity of the indictment, and none would be heard herein on a proceeding in habeas corpus. See 21 Tex. Jur., 427, wherein it is said: "It is settled also that use of the writ (of habeas corpus) will not be permitted as a substitute for appeal, error or certiorari," and see authorities there cited.

The indictment is not attacked herein as void, the only point of attack being that the judgment and sentence should have utilized the penalty of felony theft rather than Art. 63, P. C., relating to an habitual offender.

We think the judgment and sentence correctly invoked Art. 63, supra, as applicable in relator's confinement. Relator is therefore remanded to the custody of the penitentiary officials under service of his sentence as provided by law.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Relator has filed a motion for rehearing in which he reiterates and reasserts the same questions that were presented on the original submission of this case. We have again reviewed the record but remain of the opinion· that the case was properly disposed of. We see no need of any further discussion of the questions presented inasmuch as this court fully discussed the same in the case Ex parte Pruitt, 139 Tex. Cr. R. 438, 141 S. W. (2d) 333, where many authorities are cited, to which we now refer as sustaining the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

HAWKINS, Presiding Judge (dissenting).

Relator presents a motion for rehearing insisting that in our original opinion we erred in remanding him to the penitentiary authorities under a life sentence.

Before discussing what we conceive to be the controlling question we wish to call relator's attention to an apparent misconception on his part of the record. In the original brief, in the motion for rehearing, and in a supplemental brief, he proceeds upon the theory that the judgment of conviction is uncertain in the penalty assessed. This position is not borne out in the record before us. Attached to relator's application for the writ of habeas corpus is a copy of the indictment, judgment and sentence.

After reciting in the judgment that those things were done which are necessary before a plea of guilty in a felony case less than capital may be entered before the court (Acts 1931, 42d Leg., p. 65, ch. 43, Art. 10-a and Art. 12, Pocket Part, Vernon's Texas C. C. P., Vol. 1) the judgment proceeds as follows: The Court after "having heard and considered the pleadings and evidence offered, is of the opinion therefrom that the defendant Wm. Henry Bonds *is guilty of the offense charged against him*. (Italics ours). It is, therefore, considered and ad-

judged by the Court that the defendant Wm. Henry Bonds is guilty of the offense of theft of an automobile, theft over $50.00 as confessed by him in his said plea of guilty herein made, and that he be punished by confinement in the State penitentiary for a *term of life.*" (Italics ours). The sentence recites that relator had been adjudged guilty of "Theft of automobile, theft over $50.00, and that he should be confined in the penitentiary *for a term of life years.*" (Italics ours). It will thus be seen that relator's contention that the penalty assessed was uncertain is groundless, and the authorities cited upon that point not appropriate. Especially is this true as to Traxler v. State, 184 S. W. (2d) 286, which involved the very jurisdiction of the court, as well as uncertainty in the judgment as to the penalty.

We go now to a consideration of what does occur to us as a most serious question. The indictment charged relator with the *offense* of the theft of an automobile over the value of $50.00. It was then averred that relator had been theretofore convicted of a number of prior felonies. The only *offense* charged was theft of the automobile. The allegation of the prior convictions charged no offense, but, as stated in the early case of Long v. State, 36 Texas 6, was the averment of a "historical fact," which, if established, affected the punishment in the event relator was found guilty of stealing the automobile. From the time the Long case was decided in 1871 it has been the holding of this court that before one could be punished as an "habitual criminal" under the provisions of Art. 63 of the Penal Code the prior convictions must be alleged, and the accused must not only be found guilty of the *offense* charged against him, but it must also be found that the prior convictions of accused had occurred as alleged before the court could assess a life term in the penitentiary. When cases are tried before a jury, the charge of the court, and verdict usually aid in appraising the judgment, and in determining whether there has been a finding for the State regarding the prior alleged convictions.

When a plea of guilty in a felony case is entered before the Court under the provisions of the 1931 Act of the Legislature (supra) frequently,—as in the case now before us—we have nothing but the judgment and sentence. In a plea of guilty before a jury in a felony case accused admits all material allegations of the indictment as well as the statutory elements of the crime charged. See Aills v. State, 114 Tex. Cr. R. 345, 24 S. W. (2d) 1097, Anderson v. State, 118 Tex. Cr. R. 194, 42 S. W. (2d) 1012; Holley v. State, 122 Tex. Cr. R. 439, 55 S. W. (2d) 1040; Grounds v. State, 140 Tex. Cr. R. 209, 144 S. W. (2d)

276. This is not true by the very terms of the act which permits an accused to waive a jury and enter his plea of guilty before the court in felony case less than capital. There can be no question that the averment of prior convictions is a material allegation because it directly affects the penalty sought.

After directing that certain formalities must be complied with Acts 1931, 42d Leg., Ch. 43, Sec. 3, Art. 12, Vernon's Pocket Part, Texas C. C. P., Vol. 1, reads as follows: "* * * Provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

It will be noted that the court is to be governed by the evidence "as a basis for its verdict." The expression is rather unusual, but it seems to follow therefrom that the recitals in the judgment must of necessity support the final action of the court, the same as would be required in the verdict of a jury (if the case was being tried before a jury) to support the judgment giving effect to the verdict.

The theft of an automobile being the only offense charged in the indictment, the recital in the judgment that it was the opinion of the court that relator "was guilty of the offense charged against him" was a finding only upon that phase of the case. This is borne out by other recitals in the judgment and sentence heretofore set out. There is no finding, or recital in the judgment that relator had been convicted of the prior felonies as alleged, which is a condition precedent to the assessment of a penalty of a life term in the penitentiary.

If we were permitted to indulge in presumptions against relator it might be assumed that the court did find that relator had been convicted of two prior felonies, otherwise he would not have fixed the punishment at life imprisonment. But there is no recital in the judgment to reflect such finding. We are bound not by some finding which is in the court's mind, but by those which are reflected from the judgment, or from what under the circumstances here present is referred to as the court's verdict.

Under the judgment of guilt as to the theft of the automobile the court would have been authorized to assess a penalty of

imprisonment in the penitentiary for not less than two nor more than ten years. There is no minimum time named in the judgment or sentence as was the case in Ex parte Erwin, 145 Tex. Cr. R. 504, 170 S. W. (2d) 226, nor do the circumstances bring the case within Ex parte Pruitt, 139 Tex. Cr. R. 438, 141 S. W. (2d) 333. It is not to be understood that we intend to intimate that the indeterminate sentence law (Art. 775 C. C. P.) would have application under the habitual criminal statute. Art. 63, P. C. for therein there is no minimum penalty available.

This court is without authority to fix a punishment for the theft of the automobile and the trial court was without authority to assess lifetime imprisonment against relator under the recitals in the judgment.

It appears that relator has to his credit more than three years' time in the penitentiary.

Under the circumstances stated it appears that relator is entitled to be discharged from serving further time in the penitentiary under the judgment and sentence before us.

Relator's motion for rehearing should be granted, the order remanding him set aside and his release from the penitentiary ordered.

My brethren have reached a different conclusion. For reasons herein stated I respectfully register my dissent.