ERNEST JOHNSON, *alias* POS JOHNSON, *alias* JACK JOHNSON V. STATE.

No. 25042. December 20, 1950.

*J. A. Carlisle,* and *Cox & Cox,* Sherman, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was indicted by a grand jury for burglary, and under Article 63, Vernon's P.C., evidencing three former felony convictions less than capital, and upon a conviction herein, he was given a penalty of life in the penitentiary.

It appears from the indictment that the state alleged three prior convictions less than capital, all in Grayson County, to-wit: in Cause No. 21,231; in Cause No. 22,718; and in Cause No. 23,332, all having become final prior to each subsequent conviction and prior to the instant conviction.

There are but two bills of exception in the record. The first bill is an exception to the action of the trial court in overruling appellant's motion for a new trial. It is an effort to review the whole trial in the motion and does not offer any exception to any certain actions therein.

Bill of Exception No. 2 relates to one of the pleaded former convictions, it being a conviction in Cause No. 22,718, on the 26th day of April, 1936, because it was shown by the record that such cause was appealed to this Court of Criminal Appeals of Texas, and there was no showing of a mandate therefrom. The state attempted to counter such proposition by the introduction of a minute of the court showing an affidavit of appellant withdrawing this notice of appeal We might have a serious question therein presented except for the record of two previous convictions which were properly shown and proven. The statute only requires two previous convictions for a felony less than capital. See Art. 63, supra. We have herein two other convic-

tions and no exceptions leveled thereat. The conviction in Cause No. 22,718 could be disregarded by the jury and the quantum of proof still be met by the further proof of two previous convictions.

The state utilized the testimony of an accomplice witness herein to show appellant's guilt in the burglary, and the court instructed the jury that such witness, Frank Fox, Jr., was an accomplice, and upon the necessity for such testimony being corroborated. There was a further witness, Sidney Hughes, a cab driver, who purchased some of the stolen cigarettes and who seemed to think they were "hot" because of the cheap price he paid therefor. The careful trial court submitted to the jury the facts as to whether this cab driver was an accomplice, and under such instruction that they should believe, beyond a reasonable doubt, that such testimony was true, etc. This cab driver shows by his testimony that he was endeavoring to fail to identify appellant as one of the persons who sold him the "hot" cigarettes. Through a maze of efforts upon his part, he attempted to deny that he knew it was appellant that he paid $10.00 for ten cartons of cigarettes, which he bought so cheap. There finally remains some doubt as to whether this witness identified appellant at the scene of the purchase, and this is the only corroboration of the accomplice found in the record, if it can be called corroboration.

We confess, after having gone over this testimony more than once, that we do not now know whether this recalcitrant witness identified the appellant or not.

Thus believing, this judgment is reversed and the cause remanded.