JOHN WESLEY FINLEY V. STATE

No. 27,601. May 11, 1955

*Walter Conway,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary, with three prior convictions alleged to enhance the punishment; the punishment, life imprisonment.

Mrs. Birmingham testified that she awoke on the afternoon in question and saw the appellant leaving her apartment, that she investigated and determined that $175 in money, a billfold, and a cigarette lighter were missing from her purse. She testified further that she identified the appellant at a police lineup sometime later and that the cigarette lighter and billfold which had been stolen were returned to her by the police.

Mrs. Shannon, the landlady, testified that she saw the appellant leave the apartment house in question on the afternoon of the theft and observed that he was carrying something under his shirt.

Officer Christian testified that he arrested the appellant sometime after the burglary and that the appellant told him that the property which he had taken in the burglary was in his dresser drawer, that he looked in the drawer and found a billfold and a cigarette lighter, and that he returned the same to Mrs. Birmingham when she identified them as being her property.

Appellant's identity as being the person who had been convicted in the three prior cases alleged for enhancement purposes was established.

The appellant and his witnesses testified that he had attended a picnic given for the employees of Guido's on the afternoon in question.

The state offered two witnesses on rebuttal who testified that the Guido picnic had been held on another date rather than the day charged in the indictment.

The jury resolved the disputed issue of fact against the appellant, and we find the evidence sufficient to support the conviction.

Only one bill of exception appears in the record. It complains because the court permitted counsel for the state to read the entire indictment, including the prior convictions alleged for enhancement purposes, to the jury before the appellant's plea was received and before the proof on the primary offense was adduced.

Recently, in our opinion on motion for rehearing in Redding v. State, 159 Texas Cr. Rep. 535, 265 S.W. 2d 811, we disposed of this identical contention. We adhere to the rule therein expressed.

Finding no reversible error, the judgment of the trial court is affirmed.