**Carlos F. CARSO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36295.**

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Jan. 29, 1964.

Second Motion for Rehearing Denied Feb. 26, 1964.

Alex Guevara, Jr., Houston (On Appeal Only), Ken Reilly, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James C. Brough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant stands convicted of Robbery by[1] Assault. The jury found him to be the same person previously convicted of three felony offenses less than capital on which judgments of conviction had become final. The sentence is life imprisonment in the state penitentiary.

The evidence reflects that the victim of the robbery, Ralph R. Holmes, manager of the Houston Country Club, was in his office at the club when appellant, a stranger, entered the office and, at pistol point, robbed him of the country club's cash box containing $979.45. Mr. Holmes identified the appellant in the courtroom as the man who, robbed him. The cash box which had been recovered, was also identified by Holmes.

R. O. Queen, fingerprint classifier and identifier for the Houston Police Department, after having his expertness stipulated by the appellant, testified that three finger-

prints found on the door at the scene of the robbery were those of the appellant. Further evidence against the appellant included an oral confession which he made to Houston Police Lt. W. C. Doss, detailing the incidents of the robbery, which enabled Doss to learn of and recover the pistol used therein.

■ Appellant contends that his rights were violated by allegation in the indictment of three felony offenses less than capital, this being more than necessary under Article 63 of Vernon's Texas Penal Code.

The indictment, as presented, was read to the jury in conformance with our present procedural requirement and thereafter appellant waived proof by witnesses as to the prior convictions by stipulating that he was the same person convicted of the three felonies less than capital, each being a final conviction.

This court has held that where two prior felony convictions alleged in an indictment were proved in addition to proof of commission of the felony charged, defendant was properly sentenced to life imprisonment as an habitual criminal, notwithstanding proof of a third prior felony conviction. Ex parte Bonds, 148 Tex.Cr.R. 198, 185 S.W.2d 984; White v. State, 157 Tex.Cr.R. 171, 247 S.W.2d 396; May v. State, 171 Tex.Cr.R. 497, 350 S.W.2d 924; Johnson v. State, 155 Tex.Cr.R. 325, 235 S.W.2d 180. Thus appellant's contention is without merit.

There are no formal bills of exception. The remaining claims of error do not reflect reversible error.

■ Finding the evidence sufficient to support the verdict, and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

■ Appellant complains that in our opinion on original submission we did not pass upon the contention that his rights were violated when the indictment alleging the prior convictions was read to the jury and exhibited before them. In his motion, appellant insists that he was denied the right to a fair and impartial trial under the Fifth and Fourteenth Amendments to the Constitution of the United States and like rights guaranteed to him under the Constitution of this State, when the indictment alleging the prior felony convictions was read to the jury and proof thereon was heard by them.

Appellant apparently overlooks the provision of Art. 642, Vernon's Ann.C.C.P., which reads:

"Order of proceeding in trial

"A jury being impaneled in any criminal action, the cause shall proceed in the following order:

"1. The indictment or information shall be read to the jury by the attorney prosecuting."

In Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, this court held that an accused was not denied due process under the Fourteenth Amendment to the Constitution of the United States because the indictment against him alleging prior convictions to enhance the punishment under the habitual criminal statute, Art. 63, V.A.P.C., was read to the jury. In the opinion on motion for rehearing, we said:

"The prior offenses were required to be plead and proven, and we can perceive of no deprivation of constitutional rights by these statutes which have been in existence for many years."

This holding was again followed in Finley v. State, 161 Tex.Cr.R. 458, 278 S.W.2d 864.

The motion for rehearing is overruled.

Opinion approved by the Court.