**Wendell Hollis OLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36645.**

Court of Criminal Appeals of Texas.

April 22, 1964.

Rehearing Denied June 3, 1964.

James E. Bock, Dallas, Phil Burleson, Dallas, (on appeal only), for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge. .

The offense is the possession of morphine with two prior felony convictions alleged for enhancement under Article 63, Vernon's Ann.P.C.; the punishment, life.

Officers Cavender and Green testified that on the day in question they were looking for appellant and observed him as he backed out of a parking lot, that he proceeded in a northerly direction for a short distance and then made a U-turn, that they continued in pursuit, and that appellant brought his automobile to a halt, got out on the passenger's side, ran across a parking lot adjacent to a liquor store, and into a vacant lot before they were able to apprehend him. They stated that just as one of them tackled appellant, some white pills and a small match box fell from his hand, and as they raised appellant to his feet and

were in the process of placing handcuffs upon him, appellant attempted to stomp the white pills and the match box into the ground. They, along with Officer Maze, who was also present, retrieved the pills and in turn submitted them to the Criminal Investigation Laboratory. Dr. Mason testified that the pills contained morphine.

The prior convictions were established.

Appellant did not testify, but recalled the arresting officers and fully questioned them further concerning their original testimony.

■ Appellant's attorney on appeal raised two contentions. His first is that the court erred in permitting proof as to other prior convictions not alleged in the indictment. Appellant's trial counsel did not object on such grounds at the time such proof was made, and therefore, nothing is presented for review in this Court.

■ Appellant's next contention is that he was denied due process when the State was permitted to read to the jury the indictment containing the recitation of the two prior convictions and to establish proof as to them before hearing evidence and determining appellant's guilt as to the primary offense. This question was first discussed by this Court, and decided contrary to appellant's contention, in Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, 815. Redding has been repeatedly followed and cited as recently as February of this year in Carso v. State, Tex.Cr.App., 375 S.W.2d 297, where we pointed out that Article 642, V.A.C.C.P. requires the first order of proceeding after a jury has been selected to be the reading of the indictment.

Appellant relies upon the opinion of the United States Court of Appeals, Fourth Circuit, in Lane v. Warden, Md., 320 F.2d 179, in which it was held that reading to the jury, at the commencement of the trial, that part of the indictment relating to prior convictions destroyed the impartiality of the jury and constituted a denial of due process. This holding, while certainly persuasive, is not binding upon this Court. In his brief appellant also cites the case of State v. Johnson, Idaho, 383 P.2d 326, in support of his contention. There the Idaho Supreme Court exercised the rule making power granted it by statute, and decided to follow a procedure under which that part of the indictment containing the recitation of the prior convictions would not be read to the jury until after the issue of guilt as to the primary offense had been decided.

This Court has not been granted rule making powers, and we have concluded that the radical changes in long established common law and statutory procedures which would be required, were appellant's contention to be sustained, must therefore come from the Legislature and not this Court. While we agree that there is much merit in appellant's contention, and undoubtedly the trend is in that direction, we must exercise judicial restraint and await the action of the legislative branch of our government.

Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.