Ex parte George REYES.

No. 37589.

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Richard Tinsman, San Antonio, for petitioner.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Petitioner, an inmate of the state penitentiary, filed an application for writ of habeas corpus with the 175th District Court of Bexar County. The judge of that Court, Honorable John F. Onion, Jr., has made the writ returnable to this Court pursuant to Art. 119 Vernon's Ann.C.C.P.

It is petitioner's contention that Art. 63, Vernon's Ann.P.C. is unconstitutional since the indictment, including the allegations as to the prior convictions, was read to the jury before evidence was introduced. It is his position that he was prejudiced thereby and denied a fair and impartial trial as guaranteed by the 14th Amendment to the United States Constitution. Petitioner is currently serving a life sentence for the offense of passing as true a forged instrument, with three prior convictions for felonies alleged for enhancement. His conviction was affirmed by this Court in Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W.2d 450.

Petitioner further contends that one of the prior convictions, in fact, his first one, received in the District Court of Atascosa County, Texas, on October 8, 1948, in Cause No. 3058 is void for the reason that he was not then 17 years of age and also the confession was procured by coercion, and for these reasons this conviction could not be used for enhancement purposes.

Petitioner's counsel filed an exhaustive brief and made a forceful argument citing many cases from other jurisdictions to support his position.

Art. 642 V.A.C.C.P. requires the reading of the indictment to the jury by the prosecuting attorney after the impanelment of the jury in any criminal action. We have sanctioned the procedure of allowing the defendant to stipulate to prior convictions in some cases involving prior convictions alleged for the purpose of enhancing punishment. When this is done the state should not be allowed to introduce evidence as to the prior convictions. See Salinas v. State, Tex.Cr.App., 365 S.W.2d 362; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; and McDonald v. State, 385 S.W.2d 253, opinion handed down by this Court. By the same token, a defendant may waive the necessity of reading the portion of the indictment containing the prior conviction or convictions to the jury. When the defendant does this, the State should not be allowed to read the allegations as to prior conviction or convictions to the jury.

The constitutionality of Art. 63 has been attacked many times. Petitioner in effect contends that we should "fall in line" with some of our sister states and also adopt "rule making power", which we do not possess, and declare this statute, Art. 63, supra, unconstitutional. Since we have spoken often on this question, we, can see no advantage to be derived from an extensive opinion here. Our views have been expressed in Redding v. State, 159 Tex. Cr.R. 535, 265 S.W.2d 811, certiorari denied 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Ex Parte Breen, 171 Tex.Cr.R. 669, 353 S.W.2d 233; Finley v. State, 161 Tex. Cr.R. 458, 278 S.W.2d 864; Oler v. State, Tex.Cr.App., 378 S.W.2d 857. We adhere to them now. Petitioner's contention is overruled.

In the case at bar counsel did not stipulate as to the prior convictions and evidence was adduced showing three prior convictions for felonies less than capital. It is clear to us that these three prior convictions were sufficiently established from

**806**

the evidence · held by us to be sufficient when we affirmed this case upon appeal. Also, the record of the hearing held on this application by Judge Onion further reflects that petitioner was previously convicted three times prior to his conviction in the case at bar. Assuming that petitioner is correct and that his first conviction in Atascosa County was void and could not be used for enhancement purposes, he still had two valid prior convictions which were proven and which would be sufficient to support the enhancement counts to sustain the conviction. Art. 63, supra, only requires two. Petitioner's contention is without merit, and we overrule it. Johnson v. State, 155 Tex.Cr.R. 325, 235 S.W. 2d 180.

Accordingly, the application for the writ of habeas corpus is denied.