**Herschell Alvin CROCKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37388.**

Court of Criminal Appeals of Texas.

Dec. 9, 1964.

Rehearing Denied Jan. 27, 1965.

Robert Lyle, Dallas, Phil Burleson, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Walt Bondies, John C. Vance, C. M. Turlington, Ross Teter and John Allison, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery with a prior conviction for robbery alleged for enhancement; the punishment, life.

Because of the nature of the question presented we adopt a portion of appellant's brief as a statement of the case:

"The State's evidence shows that Appellant was one of two men who participated in the robbery of a grocery store owned by E. R. Anderson; that certain money was taken from Anderson without his consent and after he was put in fear of his life; that as Appellant and his companion were leaving the store, Anderson got the license number of the vehicle they left in; that the vehicle was checked out and belonged to a relative of the companion; that Anderson identified Appellant in the line-up after he was arrested and that Appellant failed to appear at the time his case was set for trial in September of 1963 and that the bond was forfeited at that time.

"The State proved the prior conviction in 1955 by the introduction of records from the penitentiary together with the testimony of one of the officers involved in the prior case and the comparison of finger prints of the Appellant with the finger prints taken in connection with the prior offense.

"Appellant did not testify in his own behalf but called his wife as a witness and called the court reporter concerning the introduction of certain exhibits resulting from the habeas corpus hearing.

"The jury found appellant guilty of the primary offense and further found that he was the same person who had been previously convicted of the prior offense and the Court assessed his punishment at life.

"Did the Court deny Appellant due process of law by allowing the State to read the indictment alleging the prior offense to the jury and to establish by proof the prior conviction before the jury before a determination of guilt of Appellant on the primary offense?"

This question has been before this Court in the following cases: Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, cert. denied, 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Finley v. State, 161 Tex.Cr.R. 458, 278 S.W.2d 864; Dozier v. State, 167 Tex. Cr.R. 84, 318 S.W.2d 80; cert. denied, 361

U.S. 849, 80 S.Ct. 107, 4 L.Ed.2d 88; Welch v. State, 170 Tex.Cr.R. 425, 341 S.W.2d 909; Ex Parte Breen, 171 Tex.Cr.R. 669, 353 S.W.2d 233; Salinas v. State, Tex.Cr. App., 365 S.W.2d 362; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Carso v. State, Tex.Cr.App., 375 S.W.2d 297; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189; Oler v. State, Tex.Cr.App., 378 S.W.2d 857; McDonald v. State, Tex. Cr.App., 385 S.W.2d 253, and Ex Parte Reyes, Tex.Cr.App., 383 S.W.2d 804.

Other questions are presented where the prior conviction is an element of the primary offense charged or a prosecution under Articles 61 or 64, Vernon's Ann. P.C. Broughton v. State, 148 Tex.Cr.R. 445, 188 S.W.2d 393; Wright v. State, Tex.Cr.App., 364 S.W.2d 384.

■ Though the jury in this State assesses all punishment, except in those cases where the punishment is fixed by law, this Court has in the Ex parte Reyes, Pitcock and McDonald cases, supra, approved the practice of permitting the accused to stipulate as to the prior convictions and thereby relieve the State of the necessity of reading to the jury that portion of the indictment which charges them and adducing proof before the jury of such prior convictions. This rule, of course, does not prevent the State from questioning the accused about such prior convictions in the event he elects to testify in his own behalf, but in such event, proof of such prior convictions would be admissible only as they might tend to affect his credibility as a witness.

■ We remain convinced that any further change in our procedure must come from the Legislature.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.