### Robert Earl TIMMONS, Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 38005.

Court of Criminal Appeals of Texas.

March 24, 1965.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Walton Bondies, John Vance and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for felony theft with a prior conviction for the same offense alleged for enhancement; the punishment, ten years.

David Miles, an employee of Wade Furniture Company, testified that he saw the appellant, wearing khaki pants and a coat, come out of the furniture company building and run along a sidewalk toward him until he (appellant) turned into a used-car lot. After entering the store and learning that the cash drawer had been broken into, Miles walked toward the used-car lot, where he saw the appellant, still wearing the same coat, looking into an automobile like he was a prospective purchaser. The third time Miles observed the appellant, he was standing on a street corner. Charles Radford, manager of Wade's Store, also saw the appellant at that time. When Radford called to him, the appellant again began running, with Radford in pursuit. Appellant ran in between some buildings. Miles last saw the appellant, dressed in khaki pants and white shirt but no coat, as he entered an alley and escaped. After going a short distance into the alley Miles and Radford found a coat on the ground behind a

store. Two days later, Miles identified the appellant in a police line-up as the person he had seen run from the furniture store. Miles testified that the coat found in the alley was the same coat the appellant was wearing when he approached him on the used-car lot.

Charles Radford, manager of Wade's Furniture Store, testified that about 11 A.M. the lock was broken on the cash drawer in the store and that $82 in money and two checks were taken therefrom without his consent. In company with David Miles, he saw a person on the street whom Radford, while testifying, identified as being the same person as the appellant. When Radford called to the appellant on the street, he began running and soon eluded him. After a brief time, the appellant came from an alley behind a furniture store. When he emerged from the alley he was facing Radford, and upon seeing him appellant again ran, and escaped. At this time, appellant was wearing a white shirt and khaki trousers. Upon going along the alley back of the furniture store, Radford found a coat. At the trial he identified a coat as the one he found behind the store, and Radford testified that it was the same coat the appellant was wearing when he first saw him on the street. The lock which was in the coat found behind the store was identified by Radford at the trial as the lock that was on the cash drawer before it was pried open.

Officer Bielharz testified that after talking to Miles, Radford, and another person, he notified the police dispatcher that a certain described person had gotten into a black and white taxicab No. 27. With Miles and Radford, Officer Bielharz examined the coat found behind the furniture store. In the coat Officer Bielharz found a screwdriver, a hasp, and a lock, which he took to Officer Dryke, who had arrested the appellant about ten blocks away in a taxicab.

The testimony of Officer Dryke reveals that he received a radio dispatch giving a

certain description of a suspect who had entered a black and white cab No. 27. Shortly thereafter, Dryke stopped a cab, as described, but only the driver could be seen. When asked about his "fare", the cab driver motioned Dryke toward the rear of the cab, the door to which opened as Dryke reached for it. Inside the cab, Dryke saw a man wearing a white shirt and khaki pants lying on the floor board and trying to get out. This man told Dryke that his name was L. A. Holmes, but Dryke soon learned that his name was in fact Robert Earl Timmons (appellant). Upon a search of the appellant, Dryke found $22 in bills, several wrenches, some "change" and a billfold. In searching the cab, Dryke found $60 in currency which was "crumpled up."

The prior conviction as alleged, was sufficiently shown by record evidence; and the identity of the appellant as being the same person convicted was shown by a fingerprint expert. Moreover such conviction was admitted by the appellant while testifying in his own behalf.

Testifying in his own behalf, the appellant stated that after working at a used-car lot until about 11 A.M., he bought some groceries which he took home in a taxicab, and while he was returning to work the officer stopped the cab. Appellant denied ever being in the furniture store, and stated that the $22 was his and that he had no part in the theft from the cash drawer; that he was wearing blue jeans and a sweater at the time of his arrest, and had never owned the coat exhibited at the trial; and that he was sitting on the seat instead of the floorboard when the cab stopped. He denied seeing any money on the floorboard and stated that the wrenches belonged to him but not the screwdriver.

 The facts and circumstances in evidence are sufficient to warrant the jury's finding that the appellant is guilty as charged.

Appellant contends that the trial court erred in permitting the state to prove be-fore the jury that he had been previously convicted of a felony.

■ In the absence of a stipulation resolving the issue of the prior conviction proof of the prior conviction as alleged in the indictment was proper. Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804.

The judgment is affirmed.

Opinion approved by the Court.