Bennie Earl SIMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38094.

Court of Criminal Appeals of Texas.

April 7, 1965.

Charles R. Wheeler, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced under Art. 63 P.C., life.

The indictment alleged the burglary of a house belonging to M. L. Suggs, with intent to commit theft. A prior conviction for burglary in 1959 and another in 1961 were alleged.

A Gulf Service Station in Fort Worth operated by M. L. Suggs was burglarized on the night of August 20, 1964. Entry was made by breaking a window and a money bag containing some $30 in money and credit invoices, a wrist watch, cigarettes and some coins from a cigarette vending machine were taken.

Mr. Suggs closed his business place about 9 o'clock P.M.

Vaughan Ray, Bobby Brown and Charles Wells drove by the service station sometime after midnight, heard the sound of breaking glass. They saw a man sitting at the wheel of a parked car some 60 to 70 feet

from the window of the service station and a man at the window. They obtained the number of the car and notified the police.

Police officers located the car, stopped and searched it.

Appellant was in the front seat of the car. Henry Banks was driving and Bill Gomez was lying on the back seat.

The property missing from the service station was found in the car and was returned to its owner.

Appellant denied that he had the wrist watch on his arm, as the officer testified; denied that he had any part in the burglary or that he had knowledge that the property was in the car or that a burglary had been committed prior to the time the officers stopped the car.

The allegations relating to the prior convictions were proved and were admitted by appellant in his testimony.

■ Appellant's claims for reversal are bottomed upon the trial court's failure to accept his offer to stipulate before the court in the jury's absence such previous convictions. He contends that the trial court committed prejudicial error (1) in overruling his motion to quash the jury panel because the state had alluded to the prior felony convictions during jury examination after he had offered to stipulate to such convictions in open court; (2) in refusing to allow him to stipulate to the prior felony convictions outside the presence of the jury; (3) in allowing the district attorney to read the allegations as to the prior convictions to the jury after he had offered to stipulate; (4) in admitting the exhibits and evidence to prove that he had been previously convicted as alleged in the indictment after he had stipulated to such fact outside of the presence of the jury.

Reliance is had upon pronouncements in recent opinions of this Court which sanction the procedure under which a defendant who has been previously convicted of a felony, or felonies which are alleged in the indictment for the purpose of enhancing the punishment under Article 62 or 63 P.C. may waive the reading of such portion of the indictment and admit the truth of such allegations, in which event the state should not be allowed to introduce evidence which might result in prejudice to the defendant. Salinas v. State, Tex.Cr.App., 365 S.W.2d 362; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804; McDonald v. State, Tex. Cr.App., 385 S.W.2d 253.

■ We reaffirm our approval of the practice of allowing the defendant to remove any possible prejudice by stipulations and waiver in advance of trial which make it unnecessary that the jury be informed of his prior convictions by reason of which the applicable punishment is definite and need not be assessed by the jury.

■ It does not follow that the trial court erred reversibly or that we have departed from our holding that the reading of the indictment and proof of the allegations as to prior convictions alleged for enhancement does not constitute a violation of due process. Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, cert. denied, 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Breen v. Beto, 5 Cir., 341 F.2d 96.

The trial court's failure to accept appellant's offer to stipulate in the jury's absence as to the prior convictions resulted in no harm or prejudice to appellant.

■ Appellant testified as a witness in his own behalf. His prior convictions for felonies then became admissible as affecting his credibility. McDonald v. State, Tex.Cr. App., 385 S.W.2d 253; Crocker v. State, Tex.Cr.App., 385 S.W.2d 392. On his direct as well as his cross-examination, appellant admitted the prior convictions alleged in the indictment.

The judgment is affirmed.