William Everett **REED**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 21846.

United States Court of Appeals
Fifth Circuit.

April 7, 1965.

Rehearing Denied May 11, 1965.

**724**

Charles W. Tessmer, Emmett Colvin, Jr., Dallas, Tex., Clyde W. Woody, Houston, Tex., for appellant.

Sam R. Wilson, Houston, Tex., Waggoner Carr, Atty. Gen. of Texas, Howard M. Fender, Charles B. Swanner, Asst. Attys. Gen., Austin, for appellee, Dr. George J. Beto.

Before TUTTLE, Chief Judge, and BROWN and FRIENDLY,* Circuit Judges.

JOHN R. BROWN, Circuit Judge.

Reed appeals from the District Court's dismissal of his petition for habeas cor-

pus. Reed was convicted of burglary. Because the jury also found him to have been twice previously convicted of a felony, the Judge sentenced him to life imprisonment under the Texas Habitual Criminal Statute.[1] This conviction was affirmed by the Texas Court of Criminal Appeals. Reed v. State, 1962, 172 Tex. Cr.R. 122, 353 S.W.2d 850. A post-appeal habeas corpus petition to that Court was also found to be without merit.

 In his petition to the District Court, Reed asserted three grounds for relief. The first, that there was no evidence to support the life sentence because of a technical variance in the indictment and the proof supporting the two prior felony convictions, is clearly without merit in a habeas corpus proceeding. There is likewise no substance to the second complaint that the introduction of certified copies of the judgment, sentence, commitment, fingerprint card, and photograph of the defendant in each of the two previous convictions was a denial of his right of confrontation under the Sixth and Fourteenth Amendments. This evidence was offered only for the limited purpose of establishing the identity of Reed as being the one convicted in the two prior cases, and that each conviction was for a felony less than capital. This evidence, supported by appropriate certification and expert testimony in the case of the fingerprint cards, was certainly competent for the purpose for which it was admitted, and no denial of any right of confrontation was established.

The serious issue raised by Reed is that the reading to the jury[2] of the indictment alleging prior felony convictions and the presentation of proof thereon deprived him of a fair trial in contravention of the Fifth, Sixth, and Fourteenth Amendments as to the charge of burglary

* Of the Second Circuit, sitting by designation.

1. Texas Penal Code art. 63: "Whoever shall have been three times convicted of a felony less than capital shall on such

third conviction be imprisoned for life in the penitentiary."

2. Under Texas Code Crim.Proc. art. 642, the prosecuting attorney is authorized at the beginning of the trial to read the indictment to the jury.

which in turn set in operation the enhanced sentence. Quite understandably, great reliance is placed on the recent Fourth Circuit holding to that effect in Lane v. Warden, 4 Cir., 1963, 320 F.2d 179.

■ Judge Ingraham of the Southern District of Texas dismissed the petition on the ground that Reed had not exhausted his state remedies since it is admitted that he had not yet presented this issue to the Court of Criminal Appeals either on the direct appeal or by way of habeas corpus. Thus it could not be said under 28 U.S.C.A. § 2254 that there was no "procedure available" to raise the question presented. In the ordinary run of cases, dismissal clearly would be correct, but in this instance we do not think it necessary. The Court of Criminal Appeals has as early as 1954, and as late as March 10, 1965, passed on this very issue—consistently holding it to be no violation of due process to read the indictment to the jury and introduce evidence of prior felony convictions before the jury has found the accused guilty of the offense charged. Redding v. State, 1954, 159 Tex.Cr.R. 535, 265 S.W.2d 811; Carso v. State, 1964, Tex.Cr.App., 375 S.W.2d 297; Stephens v. State, 1964, Tex.Cr.App., 377 S.W.2d 189; Oler v. State, 1964, Tex.Cr.App., 378 S.W.2d 857; Crocker v. State, 1964, Tex.Cr.App., 385 S.W.2d 392; Buhl v. State, 1965, Tex. Cr.App., 387 S.W.2d 677 [March 10, 1965]. In Oler the Court expressly declined to follow the 4th Circuit Lane case, and further indicated that it considered such a change in the law to be beyond its power.

"This Court has not been granted rule making powers, and we have concluded that the radical changes in long established common law and statutory procedures which would be required, were appellant's contention to be sustained, must therefore come from the Legislature and not this Court." 378 S.W.2d at 858.

In addition to this firm pronouncement, there has been no intervening United States Supreme Court decision of such direct or compelling a nature as to suggest that the Texas Court of Criminal Appeals would recognize, as it often does, that a fresh view must be taken.[3]

Thus we conclude that although there may be a procedure available, in these special circumstances, there clearly is no state remedy which could by any stretch of the imagination be pursued effectually. See Hayes v. Boslow, 4 Cir., 1964, 336 F.2d 31; cf. Whippler v. Balkcom, 5 Cir., 1965, 342 F.2d 388 [March 3, 1965]. Neither the statute nor the spirit of needed comity behind it require such a formalistic waste of precious judicial energy, state or federal. Adaptation in efficient judicial administration suggests no less. See Younger Bros., Inc. v. United States, S.D.Texas (3 Judge), 1965, 238 F.Supp. 859 [February 16, 1965].

■ Passing then to the merits of this argument, in view of its being a pure question of law, we see no need to remand it for a determination by the District Court. This issue has been squarely decided—adversely to the Petitioner's position—by this Court in Breen v. Beto, 5 Cir., 1965, 341 F.2d 96 [January 28, 1965]. So long as that decision stands, denial of the relief was proper, although on the merits rather than for failure to exhaust state remedies.

Affirmed.

---

3. See, e. g., Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and the resulting decisions of the Court of Criminal Appeals, Lopez v. State, 1964, Tex.Cr.App., 384 S.W.2d 345; Harris v. State, 1964, Tex.Cr.App., 384 S.W. 2d 349.