Leonard **HAMILTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38600.

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 12, 1966.

Daylee Wiggins, Phillip Bordages, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Ken Parker, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for forgery; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The indictment, in separate counts, charged that on or about the 21st day of September, 1964, the appellant did forge and pass as true an instrument of the tenor following:

| | |
|---|---|
| "Travelers | $\underline{79\text{--}254}$ 915 |

"Bondified MONEY ORDER

"From   Sám Brussard      Date   9–19–65                305538726

City &
"Address   3010 Jone St        State          Baton Rouge, La

"Pay
  "To The
  "Order Of _____ Frank Terrell _____ $91.65
                  "Do Not Pay Over One Hundred Dollars

"Amount        THE SUM 91 DOLS 65 CTS          Dollars
              "Travelers Express Company, Inc.

  "First National Bank                    J. A. Densop, Treasurer
  "Hudson, Wisconsin   30 No. 1064

  "0915 0254:30   55387 26                    JA"

*(left margin, vertical text: "Use Ink — Void If Altered or Defaced")*

It was also alleged that appellant had theretofore been convicted of two felonies less than capital, the first conviction being in the Criminal District Court of Jefferson County on November 23, 1959, in Cause No. 22308, for the offense of "forgery and passing" and the second conviction in the same court on May 23, 1961, in Cause No. 23469, for the offense of burglary, committed after the prior judgment of conviction had become final.

The state's evidence shows that the witness Mrs. Wanda Meriwether was employed as a clerk at Landry's Drive In in the city of Beaumont. On the morning of September 19, 1964, when Mrs. Meriwether went to the store to open the business she discovered that the place had been burglarized

and ninety-one blank "Bondified" money orders were missing. She stated that the last three digits on the stolen money orders started at 710 and ran through 800.

It was shown that on September 21, 1964, one Alton Frazier Mack, Jr., went into the Gem package liquor store in the city of Beaumont and cashed a money order (state's exhibit 9) in the sum of $91.65, of the tenor set out in the indictment.

Mack, who was serving a three-year probated sentence for forgery of the endorsement of the money order in question, upon being called as a witness by the state, testified that on September 21, 1964, he met appellant at a club and appellant asked him if he knew where he could get a check cashed. When the witness stated that he believed he "could," appellant produced the money order (state's exhibit 9), which was "already made out." The witness related that after going to several liquor stores they went to the Gem Cut Rate Liquor Store, where he took the money order into the store and cashed it, after endorsing it on the back. He further related that after they left the store, appellant gave him $25 out of the proceeds.

It was further shown that on September 23, Officers Austin and Cole went to appellant's home around 6 a. m., with a warrant for his arrest upon a charge of forgery and passing a forged instrument. Appellant was placed under arrest and at such time the officers found under a mattress a number of blank money orders similar to those missing from Landry's Drive In. A check protector was also found under some clothes behind a dresser.

From his home, appellant was taken to the police station where, after being questioned, he made a written confession, which, however, was not introduced in evidence. Subsequent to giving the confession appellant was taken before a magistrate.

On the following day, September 24, two specimens of handwriting (state's exhibits 10 and 11) were given by appellant after being duly warned by Officer Gene Wilson that the same could be used against him.

Paul W. Hanson, questioned-document examiner for the State Department of Public Safety and a handwriting expert, testified that he had examined the handwriting on state's exhibits 9, 10, and 11, and that in his opinion the writing on the face of the money order (state's exhibit 9) was by the person who did the writing on state's exhibits 10 and 11.

■ Proof was made in the manner approved by this court by the introduction in evidence of certified copies of certain indictments, judgments, and sentences, together with authenticated prison records and comparison of fingerprints, that appellant had been convicted on November 23, 1959, in the Criminal District Court of Jefferson County, in Cause No. 22308, of the offense of forgery, and that thereafter, on May 23, 1961, he was convicted in the same court, in Cause No. 23469, of the offense of burglary. However, no proof was made by the state that the conviction in 1961 was for an offense committed after the 1959 conviction had become final.

■ The indictment for burglary, in Cause No. 23469, was returned on April 27, 1961, and charged that the offense was committed on or about the 31st day of December, 1960. An indictment for burglary may be presented within five years but not afterward. Art. 179, Vernon's Ann.C.C.P. Under the indictment, proof that the burglary was committed prior to the date of appellant's conviction for forgery on November 23, 1959, would support the conviction.

In the absence of proof that appellant's conviction for burglary in 1961 was for an offense committed after his conviction in 1959 for forgery, had become final, his punishment cannot be enhanced under Art. 63, supra. Rogers v. State, 168 Tex.Cr.R.

306, 325 S.W.2d 697; Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383; Cowan v. State, 172 Tex.Cr.R. 183, 355 S.W.2d 521.

Appellant did not testify or offer any evidence in his behalf other than his testimony before the court in the jury's absence on the question of whether he voluntarily gave the two specimens of handwriting.

The issue of appellant's guilt of both forgery and passing as true the forged instrument was submitted to the jury upon a charge on the law of principals.

The jury by their verdict found appellant guilty of forgery and that he had been twice legally convicted of the two felony offenses alleged in the indictment.

We overrule appellant's contention that the evidence is insufficient to support the conviction because the state failed to prove that he made the instrument in writing (state's exhibit 9) without lawful authority. The evidence shows that state's exhibit 9 was one of the blank money orders stolen from the Landry Drive In.

Mrs. Meriwether testified that she, her mother, and Mr. Landry were the only three people who had the authority to issue the money orders. As is pointed out in the state's brief, the very fact that the money order was stolen negates any possibility of appellant's having "lawful authority" to make it.

■ We also overrule appellant's contention that there was a fatal variance between the allegation of the indictment that appellant made the instrument in writing and the proof because the maker of the instrument shown in state's exhibit #9 appears to be Travelers Express Company, Inc. While the money order introduced in evidence bears the printed name, "Travelers Express Company, Inc." and the facsimile signature of its treasurer, as maker, the evidence shows that it was appellant who filled in the face of the instrument by writing the date, "9–19–64," the name of the purported purchaser, "Sam Brussard," the address of the purported purchaser, "3010 Jone St., Baton Rouge, La—," the purported payee, "Frank Terrell," and the amount, $91.65.

One is guilty of making a false instrument who, knowing the illegal purpose intended, writes or causes to be written the signature or the whole or any part of the forged instrument. Art. 991, V.A.P.C.; 25 Tex. Jur.2d 527–528, Sec. 4.

Cochran v. State, 115 Tex.Cr.R. 201, 30 S.W.2d 316, and Landrum v. State, 118 Tex. Cr.R. 132, 42 S.W.2d 1026, cited by appellant, are not here controlling, because in those cases the accused was charged by indictment with making a false instrument in writing, to-wit: a check, and the proof showed that the forgery was of the endorsement on the back of the check.

■ The court did not err in admitting the two specimens of appellant's handwriting (state's exhibits 10 and 11) in evidence over the objection that they were not voluntarily made and in compliance with the requirements of Art. 727, V.A.C.C.P.

In the absence of the jury, it was shown by the testimony of Officer Gene Wilson that appellant was duly warned before giving the handwriting specimens and that the same was voluntarily done. Appellant testified that before giving the specimens of handwriting he was beaten by Officer Cole but made no claim that he was threatened or harmed by Officer Wilson. On cross-examination appellant admitted that he did write the specimens voluntarily.

The court made an independent finding that the two specimens were voluntarily given by appellant. Such finding is amply supported by the record. No issue was raised by appellant before the jury as to the voluntary giving of the specimens.

■ The contention urged by appellant that he was denied due process of law by

the court's action in permitting the state to read to the jury the enhancement portions of the indictment alleging the two prior convictions and make proof thereof has been by this court overruled. Wright v. State, Tex.Cr.App., 364 S.W.2d 384; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189; Oler v. State, Tex.Cr.App., 378 S.W.2d 857; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804; Crocker v. State, Tex.Cr.App., 385 S.W.2d 392. See, also: Breen v. Beto, Fifth Circuit Court of Appeals, 341 F.2d 96.

■ While appellant's punishment cannot be enhanced under Art. 63, supra, because the proof fails to show that his conviction in 1961 was for an offense committed after his conviction in 1959 had become final, his punishment may be enhanced under Art. 62, V.A.P.C., as a subsequent conviction for a non-capital felony offense of like character by reason of his conviction for forgery in 1959, and his punishment fixed at the maximum term of seven years, provided by Art. 995, V.A.P.C., for the offense of forgery. Haines v. State, Tex. Cr.App., 391 S.W.2d 58.

The judgment and sentence are reformed to provide for appellant's confinement in the Texas Department of Corrections for a term of seven years.

As reformed, the judgment is affirmed.

Opinion approved by the court.

MORRISON, Judge (dissenting).

I agreed to the reformation of the sentence in Haines v. State, Tex.Cr.App., 391 S.W.2d 58, because the indictments were not introduced in the cases which were there alleged for enhancement. They were in Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383, and they are in the case before us here. I adhere to my views expressed in my dissent in Rogers v. State, supra.