John J. BREEN, Appellant

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 21518.

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1965.

---

John J. Breen, pro se.

Sam R. Wilson, Asst. Atty. Gen., Waggoner Carr, Atty. Gen., of Texas, Houston, Tex., for appellee.

Before HUTCHESON, GEWIN and BELL, Circuit Judges.

HUTCHESON, Circuit Judge:

This is an appeal from an order [1] denying appellant's application for release on habeas corpus from custody under a judgment of a state court. We approve and adopt the District Judge's conclusion and the reasoning on which it is based.

Here, in addition to the contention argued by petitioner and rejected by the district judge, that he was denied due process of law in the state court because of discriminatory use by state authorities in enforcing the Texas Habitual Offenders Statute,[2] appellant argues that he was deprived of due process in that: under the procedure of the state court in enforcing that section, the jury, to whom was submitted the question of his guilt or innocence, was informed by the indictment that he had been formerly convicted of prior offenses against the laws of the State of Texas; and that the statement in the indictment, under which he was tried as required by the Texas Habitual Offenders Act, supra, that he was a former offender, was prejudicial and illegally deprived him of his constitutional right to a fair and impartial jury by getting before the jury the fact of his former offenses, whereas, he was constitutionally entitled to be tried without having such prejudicial matter put before the jury.

In support of his contention, appellant cites and strongly relies on Lane v. Warden, 320 F.2d 179 (4th Cir. 1963). This court has never so held, and under the controlling Texas statutes and the authorities we are not disposed to adopt or follow the cited opinion. On the contrary, we are of the firm view that that case was not well decided and that the correct view of the law is otherwise.[3]

In the case of Crocker v. State of Texas, 385 S.W.2d 392 in the Court of Criminal Appeals, the appellant, convicted under the Habitual Offenders Act, made the same contention in the state court that is made here.[4] The view of

---

1. In the Matter of the Petition of Breen for the Writ of Habeas Corpus in Forma Pauperis, D. C., 237 F.Supp. 575.

2. Art. 63, Vernon's Annotated Penal Code of the State of Texas, read as follows:
   "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

3. Cf. footnote 4 in Lane v. Warden, supra, and footnote 8 in Michelson v. United States, 335 U.S. 469 at 475, 69 S.Ct. 213, 93 L.Ed. 168.

4. There the court said:
   "The offense is robbery with a prior conviction * * * alleged for enhancement; the punishment, life.
     *    *    *    *    *
   " 'The State proved the prior conviction in 1955 by the introduction of records from the penitentiary together with the testimony of one of the officers involved in the prior case and the comparison of finger prints taken in connection with the prior offense.
     *    *    *    *    *
   " 'The jury found appellant guilty of the primary offense and further found that he was the same person who had been previously convicted of the prior offense and the Court assessed his punishment at life.
   " 'Did the Court deny Appellant due process of law by allowing the State to read the indictment alleging the prior offense to the jury and to establish by proof the prior conviction before the jury before a determination of guilt of Appellant on the primary offense?'
   "This question has been before this Court in the following cases: Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, cert. denied 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Finley v. State, 161

the court in that case has been universally affirmed and reaffirmed. It was early held in Smith v. State of Alabama, 124 U.S. 465, 8 S.Ct. 564, 31 L.Ed. 508, and has since been maintained consistently and many times repeated that a state may freely legislate with respect to the rights, duties and liabilities of citizens, subject only to the requirement that their laws must not violate federal constitutional provisions and principle. But this does not mean that the procedure provided by the state can be rejected as unconstitutional merely because a judge or judges find the procedure objectionable.[5]

No error being made to appear, the judgment is

Affirmed.

---

Tex.Cr.R. 458, 278 S.W.2d 864; Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80, cert. denied, 361 U.S. 849, 80 S.Ct. 107, 4 L.Ed.2d 88; Welch v. State, 170 Tex.Cr.R. 425, 341 S.W.2d 909; Ex parte Breen, 171 Tex.Cr.R. 669, 353 S.W.2d 233; Salinas v. State, Tex.Cr. App., 365 S.W.2d 362; Mackey v. State, Tex.Cr.App., 367 S.W.2d 697; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Carso v. State, Tex.Cr.App., 375 S.W.2d 297; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189; Oler v. State, Tex.Cr.App., 378 S.W.2d 857; McDonald v. State, Tex.Cr.App., 385 S.W.2d 253, and Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804.

"Other questions are presented where the prior conviction is an element of the primary offense charged or a prosecution under Articles 61 or 64, Vernon's Ann. C.S.P.C. Broughton v. State, 148 Tex.Cr. R. 445, 188 S.W.2d 393; Wright v. State, Tex.Cr.App., 364 S.W.2d 384.

"Though the jury in this State assesses all punishment, except in those cases where the punishment is fixed by law, this Court has in the Salinas, Pitcock and McDonald cases, supra, approved the practice of permitting the accused to stipulate as to the prior convictions and thereby relieve the State of the necessity of reading to the jury that portion of the indictment which charges them and adducing proof before the jury of such prior convictions. This rule, of course, does not prevent the State from questioning the accused about such prior convictions in the event he elects to testify in his own behalf, but in such event, proof of such prior convictions would be admissible only as they might tend to affect his credibility as a witness.

"We remain convinced that any further change in our procedure must come from the Legislature.

"Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed."

**5.** Cf. the dissent of Mr. Justice Black in Jackson v. Denno, 378 U.S. 368 at 407,

84 S.Ct. 1774 at 1797, 12 L.Ed.2d 908:

"My wide difference with the Court is in its apparent holding that it has constitutional power to change trial procedures because of its belief that they are not fair. There is no constitutional provision which gives this Court any such lawmaking power. I assume, although the Court's opinion is not clear on this point, that the basis for its holding is the 'due process of law' clause of the Fourteenth Amendment. The Court appears to follow a judicial philosophy which has relied on that clause to strike down laws and procedures in many fields because of a judicial belief that they are 'unfair,' are contrary to 'the concept of ordered liberty,' 'shock the conscience,' or come within various other vague but appealing catch phrases. See e.g. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Rochin v. [People of] California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183; Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; see also cases collected in Adamson v. [People of State of] California, 332 U.S. 46, 83, n. 12, 67 S. Ct. 1672, 1692, 91 L.Ed. 1903 (dissenting opinion). I have repeatedly objected to the use of the Due Process Clause to give judges such a wide and unbounded power, whether in cases involving criminal procedure, see, e.g., Betts v. Brady, supra, 316 U.S., at 474, 62 S.Ct., at 1262 (dissenting opinion); cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, or economic legislation, see Ferguson v. Skrupa, 372 U.S. 726, 83 S. Ct. 1028, 10 L.Ed.2d 93. I believe that 'due process of law' as it applies to trials means, as this Court held in Chambers v. [State of] Florida, 309 U.S. 227, 235–238, 60 S.Ct. 472, 476–477, 84 L.Ed. 716, a trial according to the 'law of the land,' including all constitutional guarantees, both explicit and necessarily implied from explicit language, and all valid laws enacted pursuant to constitutionally granted powers. See also Adamson v. [People of State of] California, supra, 332 U.S., at 68, 67 S.Ct., at 1684 (dissenting opinion)."