**George G. REYES, Appellant,**

v.

**George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 22147.

United States Court of Appeals
Fifth Circuit.

May 24, 1965.

Richard Tinsman, San Antonio, Tex., for appellant.

Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., M. C. Gonzalez, Asst. Dist. Atty., San Antonio, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before BROWN and GEWIN, Circuit Judges, and KILKENNY,* District Judge.

PER CURIAM.

By this appeal from the District Court's denial of Reyes' petition for habeas corpus, the Texas practice of permitting the reading to the jury of the indictment allegations of prior felony convictions in a prosecution under the Texas Habitual Offender Statute, Texas Penal Code art. 63, is asserted to be a denial of due process. This presents nothing different from, and is therefore governed by, the decision of this Court in Breen v. Beto, 5 Cir., 1965, 341 F.2d 96, and Reed v. Beto, 5 Cir., 1965, 343 F.2d 723, which followed Breen in holding that this did not amount to such a violation. Without suggesting that it has any precedential significance, as a matter of historical interest it rounds out the picture to note that the Supreme Court, on April 26, 1965, denied certiorari in Stephens v. Texas [1] wherein a similar issue was raised. Since this also disposes of petitioner's motion for a hearing en banc,[2] the mandate shall issue forthwith.

Affirmed.

---

* Of the District of Oregon, sitting by designation.

1. See Stephens v. State, 1964, Tex.Cr. App., 377 S.W.2d 139 (decision from which review was sought), cert. denied 1965, 85 S.Ct. 1344.

2. See Rule 25a of this Court.