UNITED STATES ex rel. James JENKINS, Relator,

v.

Hon. H. W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.

No. 65 Civ. 3574.

United States District Court
S. D. New York.

Dec. 29, 1965.

James Jenkins, pro se.

Louis J. Lefkowitz, Atty. Gen. State of New York, Iris Steel, New York City, of counsel, for respondent.

## MEMORANDUM

TENNEY, District Judge.

Relator is presently incarcerated in Green Haven Prison, pursuant to a judgment of conviction rendered in the former Kings County Court after a trial by jury of the crime of Assault in the Third Degree, Assault in the Second Degree, and Possession of a Dangerous Weapon as a felony. He was sentenced on September 27, 1960 as a third felony offender to a term of 10 to 14 years on the Possession Count to run concurrently with a 2½ to 5 year term on the conviction for Second Degree Assault, and received a suspended sentence on the Assault. in the Third Degree conviction. His conviction was unanimously affirmed without opinion (People v. Jenkins, 17 A.D.2d 954 (2d Dep't 1962)), and leave to appeal to the New York Court of Appeals was denied on August 5, 1963.

■ As to petitioner's first contention, to wit, evidentiary insufficiency, which was raised on appeal and decided adversely to him, the cases are legion which hold that the habeas corpus court does not sit as an appellate court to review the sufficiency of evidence in support of a conviction under attack.

■ Chief Judge Sobeloff of the United States Court of Appeals for the Fourth Circuit, in Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960), succinctly set forth the proper criteria to be applied in disposing of allegations of evidentiary insufficiency. After observing that the evidence supported the verdict, he stated as follows:

"Even if we entertained doubts about this [the sufficiency of the evidence], there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus." (Id. at 801.)

Accord, Faust v. State of North Carolina, 307 F.2d 869 (4th Cir. 1962), cert. denied, 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed. 2d 511 (1963); Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964) (Per curiam); Garrison v. Commonwealth of Pennsylvania, 130 F.Supp. 70 (M.D.Pa. 1955); United States ex rel. Campbell v. Rundle, 216 F.Supp. 41, 44 (E.D.Pa. 1963), aff'd, 327 F.2d 153 (3d Cir. 1964); United States ex rel. Wilkins v. Banmiller, 205 F.Supp. 123 (E.D.Pa. 1962), aff'd 325 F.2d 514 (3d Cir. 1963); United States ex rel. Meckler v. Hogan, 64 Civ. 3984 (S.D.N.Y. March 3, 1965), a decision by this Court.

■ The trial transcript has been submitted to the Court and, apart from the inaccuracies set forth in relator's petition with regard thereto, it cannot in earnest be argued that based on this record the conviction is "so totally devoid of evidentiary support as to raise a due process issue." Grundler v. State of North Carolina, supra; United States ex rel. Meckler v. Hogan, supra.

I next proceed to the second averment raised, namely, that an error of constitutional magnitude was committed when it was brought to the attention of the jury that relator had been on a prior occasion convicted of a crime, though he had not taken the stand to testify.

■ Relator was charged in the indictment, inter alia, with the crime of possession of a dangerous weapon as a felony after a prior conviction (Section 1897(1) of the Penal Law, McKinney's Consol.Laws, c. 40).

Pursuant to the provision of Section 275–b of the Code of Criminal Procedure (prior to the 1961 change), the indictment alleged the prior conviction since it "affect[ed] the degree of the crime

charged in the indictment." (I. e., instead of being charged with a misdemeanor, relator, by reason of the prior conviction, was charged with a felony.) (Section 275–b) See People v. Johnson, 8 N.Y.2d 183, 203 N.Y.S.2d 809, 168 N.E. 2d 641 (1960).[1] In the last-cited case, the New York Court of Appeals held in a situation similar to that presented in the case at bar (i. e., the defendant was there charged with the crime of possession of burglar's instruments after a prior conviction as a felony, Section 408 of the Penal Law), that the prior conviction affected the degree of crime charged within the meaning of Section 275–b, and thus no error was committed in permitting a stipulation as to defendant's prior conviction to be read to the jury.

■ In 1961, Section 275–b was amended to prohibit an allegation in the indictment of a prior conviction. However, even under the statute as amended, if the defendant "denies the prior conviction or stands mute, the people must prove the prior conviction before the jury as an element of the people's case." (N. Y.Code of Crim.Procedure § 275–b(4) (Supp.1965)). The reason for this exception is clear since there must be a finding of guilt of the crime charged beyond a reasonable doubt, and if the defendant does not admit the prior conviction out of the hearing of the jury, one of the elements of the crime (i. e., possession of a dangerous weapon as a felony) is missing (i. e., after a prior conviction) and this element as all elements of the crime must be proven beyond a reasonable doubt before a conviction can be had.

The New York Court of Appeals without dissent denied retroactive effect to the amendment holding that the application of the new statute only to trials not yet conducted "does not deny due process of law or the equal protection of the law". People v. Blume, 12 N.Y.2d 705, 233 N.Y. S.2d 761, 186 N.E.2d 120 (1962), cert.

denied, 374 U.S. 843, 83 S.Ct. 1897, 10 L.Ed.2d 1062 (1963), and the Second Department similarly held the statute not to be applicable to cases wherein the defendants were indicted, tried and sentenced before its effective date. People v. Shaw, 18 A.D.2d 823, 236 N.Y.S.2d 1019 (2d Dep't) (Mem.), cert. denied, 375 U.S. 847, 84 S.Ct. 101, 11 L.Ed.2d 74 (1963).

■ Nor do I perceive that the procedure under Section 275–b constituted a denial of due process. See United States ex rel. Johnson v. People, 65 Civ. 2210 (S.D.N.Y. Nov. 10, 1965, per Tenney, J.).

In the case at bar, the first mention of the prior conviction was made in the People's opening statement and Judge Barshay at that point delivered a cautionary instruction to the jury setting forth in quite explicit terms the only use to which the prior conviction could be put (T.R. 1). Thereafter, pursuant to a stipulation entered into between defendant's counsel and the People (T.R. 83), the jury was informed of the prior conviction (T.R. 84), and again Judge Barshay warned the jurors of the limited effect of the prior conviction (T.R. 84–85). The only other mention of the prior conviction was in the Court's charge when the indictment and substance of the offenses charged was stated, together with a cautionary instruction by the judge. (T.R. 118, 141, 142)

At no point was any objection interposed to the procedure adopted (which it has been held is a fatal omission, see Henderson v. Warden, 237 Md. 519, 206 A.2d 793 (Ct.App.1965)), and as noted above the matter was brought to the jury's attention pursuant to stipulation.

While support for relator's contention may be found in Lane v. Warden, 320 F. 2d 179 (4th Cir. 1963),[2] I find the decision of the Court of Appeals for the Fifth

---

**1.** Section 275–b provided:

The indictment shall not allege that the defendant has previously been convicted of any crime nor shall it set forth any record thereof unless such prior

conviction affects the degree of crime charged in the indictment.

**2.** The Supreme Court of Arkansas has recently adopted the Lane decision. Miller v. State, 394 S.W.2d 601 (1965).

Circuit in Breen v. Beto, 341 F.2d 96 (5th Cir. 1965), which refused to follow *Lane,* supra, more persuasive and elect to follow it.

In *Breen,* supra, the indictment, pursuant to the Texas Habitual Offenders Statute, alleged that the defendant had been formerly convicted of prior offenses in Texas. The Court, in rejecting the argument that the procedure deprived relator of his constitutional right to a fair and impartial jury, noted: "[A] state may freely legislate with respect to the rights, duties and liabilities of citizens, subject only to the requirement that their laws must not violate federal constitutional provisions and principle. But this does not mean that the procedure provided by the state can be rejected as unconstitutional merely because a judge or judges find the procedure objectionable." (Id. 341 F.2d at 98.) See United States ex rel. Williams v. Wilkins, 280 F.2d 95 (2d Cir. 1960) (Per curiam); Vasser v. Raines, 274 F.2d 369 (10th Cir. 1959).

The Fifth Circuit has consistently adhered to this principle, see e. g., Taylor v. Beto, 346 F.2d 157 (5th Cir. 1965) (Per curiam); Reyes v. Beto, 345 F.2d 722 (5th Cir. 1965) (Per curiam); Reed v. Beto, 343 F.2d 723 (5th Cir. 1965), as have the courts of the State of Texas, from whence came the petitions for writs of habeas corpus in the above-cited cases. See, e. g., Matula v. State, 390 S.W.2d 263 (Texas Ct.Crim.App.1965); Ex parte Gomez, 389 S.W.2d 308 (Texas Ct.Crim.App.1965); Stephens v. State, 377 S.W.2d 189 (Texas Ct.Crim.App. 1964), cert. denied 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed.2d 274 (April 26, 1965).

The *Breen* decision, supra, (341 F.2d 96) has been cited with approval in other jurisdictions as well. State v. Griffin, 135 N.W.2d 77, 79 (S.Ct.Iowa 1965) and cases cited therein; Henderson v. Warden, 237 Md. 519, 206 A.2d 793 (Ct.App. 1965).[3]

The case of Reed v. Beto, supra (343 F.2d 723) is all the more significant in view of the fact that Judge Friendly, Circuit Court Judge for the Second Circuit, sat on the *Reed* court and apparently acquiesced in its holding.

Moreover, of greater significance is the case of United States ex rel. Shaw v. Wilkins, M.R. 364 (2d Cir. 3/12/65).[4] In that case, the defendant was charged (Indictment No. 3075/1960), *inter alia,* with the carrying of a dangerous weapon as a felony due to a prior conviction of a crime (Section 1897 of the New York Penal Law). He averred in his petition for a writ of habeas corpus that the jury was improperly informed of his prior conviction in the indictment and that he was thereby denied a fair and impartial trial. In a one-page memorandum opinion, Judge Henderson of the United States District Court for the Western District of New York denied the writ, finding "no federal questions presented" (Matter of Application of Shaw, Civil 10, 588 (W.D.N.Y. 11/5/63, per Henderson, J.), and declined to issue a certificate of probable cause.

Thereafter, on March 12, 1965, the United States Court of Appeals for the Second Circuit, per Moore, Kaufman and Hayes, C. JJ., denied Shaw's application for a certificate of probable cause, assignment of counsel and leave to appeal *in forma pauperis.* A similar disposition was made by Chief Judge Lumbard and Circuit Judges Waterman and Hayes in United States ex rel. Lewis v. La Vallee, M.R. 669 (certificate of probable cause denied, 10/26/65), wherein similar averments were presented.

Accordingly, for the foregoing reasons, the within application is in all respects denied as averring no due process violation and therefore no issue cognizable on this writ.

It is so ordered.

---

3. See also Michelson v. United States, 335 U.S. 469, 475 n. 8, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

4. Apparently the same prisoner involved in People v. Shaw, supra, 18 A.D.2d 823, 236 N.Y.S.2d 1019.