Charles E. HARDIN et al., Plaintiffs-Appellants,

v.

Dolph BRISCOE, Governor of the State of Texas, et al., etc., Defendants-Appellees.

No. 73-3753.

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1974.

Jack C. Wessler, Ft. Worth, Tex. (Court appointed—not under act), for plaintiffs-appellants.

John L. Hill, Atty. Gen., Andrew W. Carruthers, Ben Harrison, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This appeal questions the extent of a Trial Judge's discretionary latitude to dismiss an action under F.R.Civ.P. 41 for plaintiff's failure to comply with an order of the Court.

Hardin, a state prisoner, brought this class action in July 1973 attacking the enhancement provisions of the Texas Penal Code[1] as violative of equal protection. He asserted that these provisions have been applied with impermissible discrimination since they are most frequently invoked only when a criminal defendant insists on his right to trial by jury and not to those who "trade out" by a plea of guilty. Although the merits of this claim are not now before us and we intimate no judgment concerning them, we feel that Hardin has presented a substantial question that calls for a judicial determination. *See* Oyler v. Boles, 1962, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446; United States v. Jackson, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138.

But more significantly, the dismissal was not for failure to state a claim under F.R.Civ.P. 12(b)(6). Rather, the District Judge, informed by the magistrate that Hardin had brought a substantially similar suit the preceding year, ordered Hardin to file within 20 days a sworn statement listing all cases filed by him having the same theory as their basis for relief. Eight days later plaintiff replied with an unsworn statement. He explained that due to the circumstances of his incarceration he was unable to have the document notarized. On September 4, the case was dismissed.

Recognizing the inherent power of the District Court to make orders and to enforce them through the sword of dismissal, Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734; Flaksa v. Little River Marine Construction Co., 5 Cir., 389 F.2d 885, cert. denied, 1968, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387, we have repeatedly held that such dismissal must be within the sound discretion of the Court. Pond v. Braniff, 5 Cir., 1972, 453 F.2d 347; Brown v. Thompson, 5 Cir., 1970, 430 F.2d 1214; Flaksa v. Little River Marine Construction Co., *supra*. Here, that discretion has been abused, there being at that stage no reason why the pendency of one or more similar cases in other courts had any relation to the right to a determination of the merits of the constitutional claim.

The order of dismissal is reversed, and the cause is remanded with directions to reinstate it.

Reversed and remanded.

1. Vernon's Tex.Pen.Code Ann. arts. 62, 63.