Robert Floyd MONTGOMERY, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–2636
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1977.

Rehearing and Rehearing En Banc Denied April 6, 1977.

Ted Redington, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Chief, Enforcement Div., Anita Ashton, Asst. Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

Robert Floyd Montgomery, a prisoner of the State of Texas, appeals from the district court's denial of his petition for the writ of habeas corpus, without an evidentiary hearing. We affirm.

Appellant was convicted in a Texas state court of selling narcotics, with two prior convictions alleged for enhancement of sentence. The jury found him guilty of the principal and enhancement counts, whereupon he received a mandatory life sentence as provided by former Art. 63 of the Texas Penal Code. On direct appeal the judgment was affirmed. *Montgomery v. State,* Tex. Cr.App.1974, 506 S.W.2d 623.

Having exhausted his state remedies, appellant petitioned the United States District Court for habeas corpus relief. He alleged that the state prosecutor had deprived him of due process, equal protection, and Fifth and Sixth Amendment rights by prosecuting him as a multiple offender because he refused to plead guilty and forego his right to a jury trial. In support appellant cited *Hardin v. Briscoe,* 5 Cir., 1974, 504 F.2d 885. In that case, which presented the same issue, we held that the district court erred in dismissing the petition for failure to comply with an interlocutory order, and we remanded the case for a judicial determination of the merits of the claim.

In the case *sub judice,* the district court denied habeas relief on the merits, holding that appellant has no right to object to the prosecutor's utilization of the plea bargaining process. We so held, on similar facts, in *Breen v. Beto,* 5 Cir. 1965, 341 F.2d 96, cert. denied, 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798 (1967), affirming *In re Breen's Petition,* S.D.Tex.1964, 237 F.Supp. 575. We applied similar reasoning in *Martinez v. Estelle,* 5 Cir. 1976, 527 F.2d 1330, and *Arechiga v. State of Texas,* 5 Cir. 1972, 469 F.2d 646.

In the case *sub judice,* as in the cases cited in the foregoing paragraph, the prosecutor made an offer of mercy to appellant. When he refused the offer, he was tried on the enhanced indictment. It was the appellant who placed himself in jeopardy of the life sentence. As the district court observed, to hold otherwise would mean that in all cases involving a previously convicted defendant, the state would be required to seek the maximum penalty and never could engage in plea bargaining. Such a ruling would be contrary to the doctrine that plea bargaining is an essential procedure in the administration of justice in the United States. See *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). We find no error in the judgment appealed from, which is hereby affirmed.

AFFIRMED.