568 F.2d 457
 Robert Floyd MONTGOMERY, Petitioner-Appellant,
v.
W. J. ESTELLE, Director Texas Department of Corrections,
Respondent-Appellee.
Francisco RESENDEZ, Petitioner-Appellant,
v.
W. J. ESTELLE, Jr., Director, Texas Department of
Corrections, Respondent- Appellee.
 Nos. 76-2636, 76-4298.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 27, 1978.
 
 Robert Floyd Montgomery, pro se.
 Ted Redington, Staff Counsel for Inmates, Patrick A. Lanius, Huntsville, Tex., for petitioner-appellant in No. 76-2636.
 Bruce J. Ponder, El Paso, Tex. (Court-appointed), for petitioner-appellant in No. 76-4298.
 John L. Hill, Atty. Gen., Joe Dibrell, Asst. Atty. Gen., Chief, Enforcement Div., Anita Ashton, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., for respondent-appellee.
 Appeal from the United States District Court for the Northern District of Texas.
 Appeal from the United States District Court for the Western District of Texas.
 Before THORNBERRY, GOLDBERG and CLARK, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 In this consolidated appeal from denial of habeas corpus relief, both petitioners Montgomery[1] and Resendez assert that Texas Penal Code, Art. 63 (repealed January 1, 1974, now V.T.C.A. Penal Code, § 12.42(d))[2] was improperly used in plea bargaining.[3] Both petitioners contend that they were charged under the Texas habitual offender statute only after they refused to plead guilty to an unenhanced offense.[4] This, they assert, amounts to prosecutorial vindictiveness for choosing to demand a jury trial and plead not guilty. In view of Bordenkircher v. Hayes, --- U.S. ----, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), we affirm.
 
 
 2
 In Bordenkircher, id. the Supreme Court examined the propriety of using a similar Kentucky habitual offender statute as a device to encourage a guilty plea to an unenhanced charge. In approving the use of the Kentucky Habitual Criminal Act in plea bargaining, the Supreme Court said that there was no "element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Id. at ----, 98 S.Ct. at 668. We think that the Supreme Court's approval of the use of the Kentucky Habitual Criminal Act in plea bargaining, necessarily allows the use of the Texas Habitual Offender Act in similar circumstances. See Martinez v. Estelle, 527 F.2d 1330 (5 Cir. 1976); Arechiga v. State of Texas, 469 F.2d 646 (5 Cir. 1972); Breen v. Beto, 341 F.2d 96 (5 Cir. 1965), cert. denied, 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798 (1967).
 
 
 3
 Accordingly, the district court's denial of relief is AFFIRMED.
 
 
 
 [1]
 Montgomery v. Estelle was previously decided contrary to the petitioner's position on February 25, 1977. The case is reported at 547 F.2d 894 (5 Cir. 1977). We withdrew this opinion on our own motion on May 2, 1977
 
 
 [2]
 At the time of petitioners' conviction, Texas law provided:
 Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.
 Texas Penal Code Ann. art. 63 (repealed, January 1974, now Texas Penal Code Ann. § 12.42(d)).
 
 
 [3]
 Resendez also makes a fourth amendment claim. His claim was considered by the Texas Court of Criminal Appeals in Resendez v. State, 523 S.W.2d 700 (Tex.Cr.App.1975). Under Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), his claim is without merit. Graves v. Estelle, 556 F.2d 743 (5 Cir. 1977); Caver v. State of Alabama, 537 F.2d 1333 (5 Cir. 1977)
 
 
 [4]
 In Resendez the prosecutor offered ten years in return for a plea of guilty to the charge of burglary of a residence at night. In Montgomery, the prosecutor offered twenty-five years in return for a plea of guilty to the charge of sale of heroin