Francisco Ruben RESENDEZ,
Petitioner-Appellant,

v.

Dan V. McKASKLE, Acting Director,
Texas Department of Corrections,
Respondent-Appellee.

No. 82-1384.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1984.

P. Michael Jung, Dallas, Tex., for petitioner-appellant.

Nancy M. Simonson, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, TATE and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant, Francisco Resendez, currently serving a life sentence following a 1974 burglary conviction enhanced by two prior felonies, appeals from the summary dismissal of his federal habeas petition. The district court dismissed it for failure to exhaust state remedies, and on the alternative ground of abuse of the writ. We reverse and remand.

## I.

### FACTS

In 1974 Resendez was convicted of burglary of a private residence at night in El Paso County, Texas. The Texas Court of Criminal Appeals affirmed this conviction in *Resendez v. State,* 523 S.W.2d 700 (Tex. Cr.App.1975), considering four points of error raised by petitioner:

"[1] [T]hat evidence obtained by an unlawful search was erroneously admitted, [2] the evidence is insufficient to support the conviction, [3] the court erred in refusing to dismiss the enhancement paragraphs of the indictment, and [4] the court erroneously refused to grant a new trial when jury misconduct was proved." *Id.* at 701.

In 1976 Resendez filed a petition for writ of habeas corpus in federal court in which he raised points (1) and (3) above, claiming that unlawfully seized evidence was admitted and that his sentence should not have been enhanced. This petition was denied and the denial affirmed on appeal to this Court. *Montgomery v. Estelle,* 568 F.2d 457 (5th Cir.), *cert. denied,* 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978).

On November 4, 1980 Resendez filed a petition for habeas corpus in state district court, based on the alleged prejudicial effect of evidence viewed by the jury during the trial, which was later ruled inadmissible. The petition stated:

"Prior to trial, counsel for Petitioner filed a timely motion to suppress evidence unlawfully obtained. However, the trial court withheld [its] ruling. The trial began and, viewed as a whole, was totally permeated with several items of highly damaging nature; to wit, a jar of pennies; a flashlight; a pair of gloves; a screwdriver; and a photo of these same items, together with other items taken in the burglary charged. [Citation omitted.] Both the exhibition of these items before the jury, and the manner in which they were presented served to characterize Petitioner as a 'criminal' and all were props setting the stage for prejudicial effect upon the Petitioner in the minds of the jurors. Virtually the entire trial centered upon these items. Near the end of the trial, the court gave a very brief instruction to the jury not to consider the items for any purpose in reaching its verdict. [Citation omitted.]

"At the hearing on Petitioner's motion for new trial, it was shown that the jurors had, indeed, discussed the excluded evidence...."

This state petition was denied summarily by the district court and the Texas Court of Criminal Appeals.

Resendez' federal petition at issue in this appeal was filed March 28, 1982. It referred only to his previous direct state appeal and to his previous federal petition and not to his state habeas petition, quoted above. The assertions in this present federal petition are similar to those made in the state habeas proceeding:

"Prior to trial Petitioner filed timely motion to suppress evidence unlawfully obtained, but the judge withheld ruling

until near the end of trial.... After [this evidence was] utilized to maximum effect, and as the trial neared its end, the judge instructed the jury to disregard the items. On hearing for motion for new trial it was shown that jurors did in fact consider the excluded evidence...."

The district court denied this petition as frivolous under 28 U.S.C. § 1915(d)[1] without requesting a response from the State of Texas. In its order of dismissal the court stated:

"Petitioner has failed to exhaust state remedies with respect to the claim he seeks to raise. If the Petitioner contends that he has exhausted state remedies by presenting his contentions to the Texas Court of Criminal Appeals, then he is foreclosed from litigating the matters contained in his latest petition because they were not presented to this Court in his previous petition for a writ of habeas corpus. [Citation omitted.] A petitioner is not permitted to bring piecemeal petitions for writs of habeas corpus, and no excuse is shown for the Petitioner's failure to raise all available points in his previous petition."

## II.

## THE LAW

### A.  Exhaustion

■ On appeal Resendez raises several arguments against the district court's ruling. He argues first that the district court should not have dismissed the petition for failure to exhaust state remedies because in light of *Felder v. Estelle,* 693 F.2d 549, 554 (5th Cir.1982), which permits a state to waive the exhaustion requirement in a habeas proceeding, it is never appropriate to dismiss on this ground without directing a response. Otherwise, a state loses its *opportunity* to waive the exhaustion requirement. In support of his argument Resendez relies upon *Holloway v. Gunnell,* 685

---

1. This provision, relating to proceedings *in forma pauperis,* states:

"The court may request an attorney to represent any such person unable to employ counsel *and may dismiss the case* if the allegation of poverty is untrue, or *if satisfied that the action is frivolous or malicious."* 28 U.S.C. § 1915(d) (emphasis added).

F.2d 150 (5th Cir.1982), which involved a pauper's complaint dismissed *sua sponte* by the district court under section 1915(d) for lack of venue and failure to exhaust administrative remedies. In a footnote this Court noted that such a *sua sponte* dismissal raised a difficult question because, since neither ground was jurisdictional,

> "the court's *sua sponte* dismissal on either ground might result in a refusal to reach the merits when defendant himself would prefer a determination on the merits rather than a different venue or the delay that results from exhaustion." 685 F.2d at 152 n. 2.

The question raised by *Holloway v. Gunnell,* however, is not apposite in the context of a habeas proceeding. Rule 4, following 28 U.S.C. § 2254, which governs habeas petitions stated that a "petition shall be examined promptly by the judge to whom it is assigned." The Rule continues:

> "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate...." Habeas Corpus Rule 4, foll. 28 U.S.C. § 2254.

This provision gives a district court authority to order a *sua sponte* dismissal, an authority necessary to enable a district court to manage the habeas petitions presented to it. We thus reject Resendez' argument that a *sua sponte* dismissal for failure to exhaust is never appropriate.

■ Resendez argues that in any case his petition did not reveal a failure to exhaust on its face and that he has in fact satisfied the exhaustion requirement. The district court had before it in considering Resendez' petition (1) the state court opinion affirming his conviction on direct appeal, (2) the district court's records of his prior federal habeas petition, and (3) this Court's opinion affirming the denial of this petition. The only one of these items relevant to the question of exhaustion is the state court opinion. To determine whether the exhaustion requirement has been satisfied, however, a district court must look behind a state appellate court opinion to see what claims a habeas petitioner actually raised in state court. As the Supreme Court stated in *Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978), "a district court commits plain error in assuming that a habeas petitioner must have failed to raise in the state courts a meritorious claim that he is incarcerated in violation of the Constitution if the state appellate court's opinion contains no reference to the claim." 434 U.S. at 333–34, 98 S.Ct. at 599.

Texas, however, asserts that "[b]ecause the state court records of Petitioner's direct appeal were filed with the district court during Petitioner's first federal habeas proceeding and the court [in the second federal habeas] properly took judicial notice of the record in the prior [federal] action, the court determined that Petitioner's claim had not been presented in his direct appeal." Resendez concedes that the Court of Criminal Appeals briefs were before the district court in his first federal habeas petition and that the district court in this second federal habeas proceeding could properly have taken judicial notice of them. *See Moore v. Estelle,* 526 F.2d 690, 694 (5th Cir.), *cert. denied,* 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976). The court's opinion, however, does *not* indicate that it took such judicial notice, and Resendez argues that the district court *in fact* did *not* take notice of these briefs.

There is, indeed, no express statement or reference from which we could infer that the district court took judicial notice of the briefs on Resendez' direct appeal in state court. The view that the district court did not is also supported by the fact that the district court relied on the alternative ground of abuse of the writ in its decision. It is, of course, possible that the court did take notice of these briefs. We, however, are not willing to assume so here. Without knowing what the district court considered,

there is no way for us to adequately review its determination of exhaustion.

We thus hold that under the circumstances presented the district court's dismissal for failure to exhaust was error, given the lack of any indication that it took judicial notice of the briefs in Resendez' direct appeal. If this factor stood alone, we might well be inclined not to reverse on account of it. However, in addition, the record before us has been supplemented with Resendez' state habeas petition which shows that he has in fact satisfied the exhaustion requirement, regardless of the content of the briefs in his direct state appeal. We do not suggest that in ordinary circumstances we would give significance to such supplementation. However, we are faced with the error respecting whether judicial notice was taken, and the record supplementation factor weighs in our decision here on how that error should be rectified. Thus we remand the petition to the district court. As noted above, however, the district court is authorized to dismiss a petition which reveals *either* on its face, *or* considered with material of which the court may and does properly take judicial notice, that the exhaustion requirement has not been satisfied. Prisoners may not rely on appellate record supplementation to overcome dismissals for lack of exhaustion properly ordered on the foregoing basis.

### B. Abuse of the Writ

Relying on Habeas Rule 9(b), following 28 U.S.C. § 2254,[2] the district court dismissed Resendez' petition on the alternate ground of abuse of the writ, stating, "A petitioner is not permitted to bring piecemeal petitions for writs of habeas corpus, and no excuse is shown for the Petitioner's failure

to raise all available points in his previous [federal] petition." Of course, if dismissal on this alternative ground were proper, there would be no occasion to reverse the district court.

A district court may raise the issue of abuse *sua sponte, Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir.1982), and may rule on it without a hearing. *Jones v. Estelle,* 692 F.2d 380, 383 (5th Cir.1982). This Court, however, has required that a federal habeas petitioner be given an opportunity to rebut the allegation of abuse:

> "[B]ecause the summary dispositions under Rule 9(b) preclude review of constitutional claims, procedural safeguards are required to avoid undermining the very purpose behind the writ of habeas corpus. Accordingly, courts have long held that petitioners must be afforded an opportunity to rebut or explain allegations of repetition or abuse." *Jones v. Estelle,* 692 F.2d at 383–84.

*Accord, Vaughan v. Estelle,* 671 F.2d at 153 ("The applicant is to be afforded a reasonable opportunity to traverse the suggestion of abuse."). *Jones v. Estelle* sets out procedures which must be followed in a summary disposition on this issue, which generally parallel those in Fed.R.Civ.P. 56. 692 F.2d at 384. The district court in this case did not follow these procedures or give Resendez a chance to rebut the allegation of abuse. We do not suggest that Resendez is entitled to a hearing. That will depend on the nature of his response to the suggestion of abuse, and is a matter which the district court will then have to address in the first instance. But Resendez is entitled to a reasonable opportunity to traverse. Thus, the "abuse" ground in the court's order is

---

2. Rule 9(b) governing habeas petitions (which follows 28 U.S.C. § 2254) states:
  "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner

to assert those grounds in a prior petition constituted an abuse of the writ."
*See Green v. City of Montezuma, Georgia,* 650 F.2d 648, 650–51 (5th Cir.1981), for a discussion of the standard for a dismissal under 28 U.S.C. § 1915(d) ("broader than dismissal under Fed.R.Civ.P. 12").

also not, under the procedural posture of this case, a sufficient basis on which to sustain the dismissal.[3]

REVERSED AND REMANDED.

---

**3.** The State argues that *Potts v. Zant,* 638 F.2d 727, 748 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981), created an exception to the rule that a petitioner must be given an opportunity to respond to allegations of abuse. The exception noted there, however, relates only to the question of whether the district court must hold a *hearing. Jones v. Estelle* clearly sets out a petitioner's right to respond, even in cases where the court may eventually order summary dismissal, without a hearing, for abuse. 692 F.2d at 385.