Tony Dean **BELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–00576–CR.

Court of Appeals of Texas, Dallas.

Sept. 7, 1982.

Discretionary Review Refused Dec. 8, 1982.

Bruce Anton, Arc McColl, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

AKIN, Justice.

The panel opinion is withdrawn and the following is the opinion of the court sitting en banc.

Defendant appeals from his conviction for burglary. Punishment was assessed at 16 years. The principal question presented is whether the trial judge erred in allowing the State to cross-examine him about the enhancement paragraph of the indictment during the guilt/innocence phase of the trial. We hold that he did not. Because the additional points of error, discussed in an unpublished opinion, also lack merit, we affirm.

Defendant contends that the trial judge erred in allowing the State to cross-examine him about the enhancement paragraph of the indictment during the guilt/innocence phase of the trial. In cross-examination, the State questioned defendant as follows:

Q. So you've been duly and legally convicted of two separate felonies, is that correct?

A. Yes, sir.

Q. Credit card abuse and burglary of a vehicle?

A. Yes, sir.

State: We'll offer into evidence State's Exhibit No. 13.

Defense Counsel: No objection, Your Honor.

The Court: It will be admitted.

Q. (State) Mr. Bell, you are one and the same who has been charged in this indictment before the court right now, is that correct?

A. Yes, sir.

Q. And you understand that the indictment that's been filed against you by the Dallas County Grand Jury in this case contains an enhancement paragraph?

A. Yes, sir, it does.

Q. Mr. Bell, you understand that this indictment that has been filed against you by the Dallas County Grand Jury, that's what we call an enhancement indictment?

A. Yes, sir.

Q. Okay. And what that means is that instead of the bare minimum punishment you can receive for this offense, that being five years, instead of five years like it normally is since it's an enhanced indictment the bare minimum you're looking at is fifteen years if you're convicted of this offense?

Defense Counsel: Your Honor, we'll object to that.

State: Judge, I think I can go into the bare—

Defense Counsel: We object to any mention of an enhancement paragraph in the guilt or innocence phase of the trial, Your Honor. We feel it's improper and we object to it.

The Court: All right. The objection will be overruled. I'll allow the witness to answer the last question.

Q. (State) Mr. Bell, you understand that if you're convicted of this offense that you're looking at the bare minimum of fifteen years, you understand that, don't you?

A. Yes, sir.

Defendant contends that because the State had already used the offense of credit card abuse to impeach his credibility, the reference to the enhancement paragraph on the same offense was superfluous and was used only to improperly interject punishment issues at the guilt/innocence phase of the trial. We do not agree. When a defendant elects to testify, he is subject to the same rules as any other witness which includes impeachment. *Ayers v. State,* 606 S.W.2d 936, 939 (Tex.Cr.App.1980). Impeachment may include prior convictions involving moral turpitude, Tex.Code Crim.Pro.Ann. art. 38.29 (Vernon 1979). Likewise, impeachment includes any reason which may motivate the witness not to speak the truth. Certainly, the fact that the defendant by virtue of the enhancement paragraph, if convicted, would receive a minimum of fifteen years, shows a high motivation for the defendant not to speak the truth. Thus, because the inquiry was proper cross-examination, no error is shown.

Furthermore, even if the cross-examination had been improper, any error was rendered harmless because the prior convictions, supporting enhancement were already in evidence. Consequently, the fact that the defendant would receive a minimum of fifteen years would probably cause the jury to consider the evidence even more carefully to avoid imposing such a sentence on the defendant. Thus, no error occurred justifying reversal of the judgment of conviction.

GUITTARD, C.J., and ROBERTSON, CARVER, FISH and GUILLOT, JJ., join in the majority opinion.

SPARLING, J., filed a concurring opinion.

WHITHAM, J., filed a dissenting opinion joined by STEPHENS, VANCE and ALLEN, JJ.

STOREY, J., did not participate.

SPARLING, Justice, concurring.

I concur in the result reached by the majority only because I find the statement of the prosecutor, if error, to be harmless beyond a reasonable doubt.

## ON MOTION FOR REHEARING

WHITHAM, Justice, dissenting.

I respectfully dissent. Because I agree with appellant that the trial court committed reversible error in allowing the prosecutor to cross-examine appellant about the enhancement paragraph of the indictment at the guilt/innocence phase of the trial, I would reverse and remand.

Before 1965, when the present code of criminal procedure was enacted, the Court of Criminal Appeals had held that reading the enhancement paragraph to the jury at the commencement of the trial was not reversible error. *Redding v. State,* 159 Tex. Cr.R. 535, 265 S.W.2d 811 (1954). This practice, however, caused increasing concern over the prejudicial effect on a defendant, *see e.g. Lane v. Warden,* 320 F.2d 179 (4th Cir.1963), and led to appeals for change

from the legislature, *Oler v. State,* 378 S.W.2d 857 (Tex.Cr.App.1964). The legislature responded by enacting Tex.Code Crim. Pro.Ann. art. 36.01(1) (Vernon 1981), providing that the enhancement paragraphs of an indictment may not be read to the jury until the punishment phase of trial. Violation of this article is now held to be reversible error, *Heredia v. State,* 508 S.W.2d 629 (Tex.Cr.App.1974); *Cox v. State,* 422 S.W.2d 929 (Tex.Cr.App.1968). Under the facts of the present case the cross-examination had the same effect as a reading of the enhancement paragraph to the jury in violation of the statutory prohibition of article 36.01(1). The rationale behind this prohibition is clear; when the jury is informed at the outset of a criminal trial that the defendant has previously been convicted of other crimes, they are likely to convict a defendant not on the evidence presented at trial, but on the ground that he is a criminal generally. This is particularly true in cases where the defendant does not take the stand and his prior criminal record would not otherwise come before the jury.

In cases such as the present one, however, where a defendant testifies and is impeached with his prior criminal record, *see Shipman v. State,* 604 S.W.2d 182, 184 (Tex.Cr.App.1980); *Reese v. State,* 531 S.W.2d 638, 640 (Tex.Cr.App.1976); *Ochoa v. State,* 481 S.W.2d 847, 850 (Tex.Cr.App. 1972); Tex.Code Crim.Pro.Ann. art. 38.29 (Vernon 1979), the question arises regarding whether a defendant is harmed by additional cross-examination based on the enhancement paragraphs of the indictment. The majority holds that this too was proper impeachment or, if improper, was harmless. I do not agree. Instead, I conclude that the cross-examination based on the enhancement paragraphs harmed defendant beyond being simply further evidence of his prior criminal record, and that this evidence probably contributed to the conviction. *See, Esquivel v. State,* 595 S.W.2d 516, 529 (Tex.Cr.App.1980).

By enacting Tex.Code Crim.Pro.Ann. art. 37.07 (Vernon 1981), providing for a separate hearing on punishment after return of a guilty verdict, it appears the legislature sought to insure that during the guilt or innocence stage of trial, the jury's attention would be focused solely on the evidence presented as to guilt or innocence. Practices such as the one before us circumvent this purpose by shifting the jury's attention to the punishment available for the crime. In effect, the jury was encouraged to find the defendant guilty so that the State could then punish him to a greater degree than that available under non-enhanced indictments. Thus, the jury's concern was no longer whether the defendant was guilty or not guilty. It blinks reality not to recognize that the opportunity to punish appellant a minimum of fifteen years rather than a minimum of five years in light of his prior criminal record was a contributing factor to appellant's conviction. In the present case I cannot say that the cross-examination complained of was proper, even in light of the fact that appellant's prior criminal record was before the jury during the guilt or innocence stage of trial. I would reverse and remand.

STEPHENS, VANCE and ALLEN, JJ., concur in the dissent.