John W. WINSLOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–175–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 3, 1987.

Rehearing Denied Jan. 7, 1988.

Tom Harrison, Sinton, for appellant.

Thomas Bridges, Sinton, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged with the offense of inducing sexual performance of a child by taking suggestive sexual pictures of a child. Texas Penal Code Ann. § 43.25(b) (Vernon Supp.1987). A prior felony offense of forgery was alleged in the indictment for enhancement purposes. The jury found appellant guilty, and the court assessed punishment at thirty years confinement. Appellant alleges error in the admission of prior convictions, certain exhibits and testimony of the child prosecutrix.

The record reflects that one August morning, the Sheriff's Department of San Patricio County received an anonymous phone call from a woman who claimed that two children were locked outside of their home and left unattended. Approximately fifteen minutes later, a deputy sheriff, Don Barr, arrived at the residence, a trailer house, and found two young girls outside covered in mud. Upon questioning the girls, he learned that they were sisters and that the oldest one was eight years old. The eight year old told him they needed to get into the house because their three month old baby brother was locked inside. She said her mother was at work in Corpus Christi, but she did not know where her mother worked. She also did not know where her stepfather was. After Officer

Barr found the front and back doors locked, he asked the eight year old if there was another way to get in. She said a window was unlocked and that it was okay for him to go in the house through this window. Officer Barr entered the trailer house through the window and let the children in. Then the eight year old led Officer Barr to a bedroom to check on the infant. The infant was lying in a bassinet, wearing only a soiled diaper. He was crying and had mosquito bites all over his body. In response to a radio request by Officer Barr, he was told that a woman with the Department of Human Resources, Julie Durham, was en route to the trailer home. While the officer waited for Ms. Durham, he continued to watch over the children and to attempt to find out more information from them concerning the whereabouts of their parents.

When Durham arrived, Officer Barr showed her the baby. Ms. Durham cleaned the baby and tried to quiet him down. Then Ms. Durham made some phone calls to try to locate a proper person to take custody of the children. The eight year old helped Officer Barr find some clean clothes for the infant. She also told him there was some medicine they had been putting on the infant for the bug bites. The eight year old led him to a bedside table and showed him the medicine. Officer Barr testified that on the same bedside table he saw photographs (identified as exhibits 1, 2, & 3) of the eight year old girl in sexually suggestive poses exposing her genitalia. He picked up the pictures and took possession of them. He also saw a .357 magnum pistol. Officer Barr picked up the gun, unloaded it, and put it in a safer place.

By point of error number one, appellant contends that the trial court erroneously permitted the prosecutor to cross-examine him concerning two prior convictions during the guilt stage of the trial.

During cross-examination, the prosecutor told the court he was about to bring up two prior felony convictions of appellant. Appellant's attorney objected, "Judge, I of course would object to it. These two convictions, my understanding, are for en-

hancement purposes." After the judge was satisfied that both the convictions were final prior to this incident, he overruled the objection. No other objections were made. The prosecutor then asked appellant if he was the same John Winslow who was convicted of the offense of burglary with intent to commit theft and the offense of forgery. The witness answered that he was.

Appellant asserts here that the prior convictions were not admissible during the guilt stage of the trial because one of the offenses was alleged in the indictment for enhancement purposes. Appellant relies on Tex.Code Crim.Proc.Ann. art. 36.01 (Vernon 1974), which provides: "When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held." Article 36.01 does not preclude the State from impeaching an accused who testifies, by proof that he has previously been convicted. *See Bell v. State*, 641 S.W.2d 377 (Tex.App.—Dallas 1982, pet. ref'd). The purpose of article 36.01 is to prevent prejudice which would result from an announcement at the outset of the proceedings that the State believes the defendant has been previously convicted. *Frausto v. State*, 642 S.W.2d 506, 508 (Tex.Crim.App. 1982). At the beginning of the trial, when the indictment was read, the prosecutor did refrain from reading the prior conviction alleged in the indictment. The introduction of the prior convictions here complained of occurred during the cross-examination of the defendant. Cross-examination of the defendant is not the functional equivalent of reading the indictment to the jury at the introduction of the case; therefore, article 36.01 is not applicable.

Appellant also asserts that the trial court should not have permitted the prior convictions because they were too remote in time. However, defendant's only objection before the trial court was that the convictions were for enhancement purposes. Prior to trial, during a hearing outside the presence of the jury, the trial court asked the appel-

lant's attorney if he needed a ruling on the motion in limine that he filed. Appellant's counsel said, "The only thing—I'm sure he's not going to do it, I want to make sure he doesn't come up with this enhancement provision." The prosecutor agreed, "that will not be read in the indictment." The judge asked if they were "squared away on that" and each side indicated—they were. The motion in limine was not signed by the judge.

The objection at trial merely stated that the convictions were for enhancement purposes. When an objection in the trial court differs from the complaint on appeal, a defendant has not preserved error for appeal. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Crim.App.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Appellant's objection was insufficient to provide the trial judge and the prosecutor with notice that defendant was in fact complaining that the prior convictions were too remote. Appellant's first point of error is overruled.

Appellant's second point of error complains that the photographs were seized without a search warrant in violation of the Fourth Amendment of the United States Constitution and Article 1, section 9 of the Texas Constitution.

The State contends that appellant failed to preserve the asserted error for review. During trial when the photographs were offered into evidence, appellant's counsel renewed his pretrial objection by saying, "Defense has no objection other than the prior motion that has been filed." At the pretrial hearing on the motion to suppress the photographs, appellant's counsel attacked the admissibility of the photographs on the same grounds as those urged on appeal. The trial court denied the motion, finding that the warrantless entry was justified because the officer entered the residence in response to an emergency situation. The objection made at the hearing outside the jury's presence was sufficient to preserve the asserted error for at least appellate review. Tex.R.App.Proc. 52(b); *see Maynard v. State*, 685 S.W.2d 60, 65

(Tex.Crim.App.1985); *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App.1986).

Appellant contends the photographs were inadmissible because they were seized without a warrant. However, it is now a well-established rule that the police may seize evidence in plain view and without a warrant if: (1) the officers are lawfully on the premises; (2) the discovery of the incriminating evidence is inadvertent; and, (3) it is immediately apparent that the incriminating evidence is seizable as evidence of a crime. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 2037, 29 L.Ed. 2d 564 (1971); *White v. State*, 729 S.W.2d 737, 739 (Tex.Crim.App.1987). The officer must have probable cause to believe that the object seen in plain view is evidence of a crime. *Arizona v. Hicks*, — U.S. —, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987); *White*, 729 S.W.2d 737.

Appellant also contends that the deputy sheriff was not lawfully on the premises because no search warrant was processed, and that the evidence was not "inadvertently discovered." We disagree.

The Fourth Amendment does not preclude police officers from making warrantless entries and searches when they have reason to believe that a person within is in need of immediate aid. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978); *Janicek v. State*, 634 S.W.2d 687, 691 (Tex.Crim.App.1982); *Bolden v. State*, 634 S.W.2d 710, 713 (Tex. Crim.App.1982). "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Mincey*, 437 U.S. at 392, 98 S.Ct. at 2413. The burden of proof is on the State to demonstrate that the warrantless entry was justified by an emergency. *Janicek*, 634 S.W. 2d at 691. The reasonableness of the emergency entry is to be judged by the circumstances as they existed at the time the decision was made to enter rather than being affected by whatever condition is found inside. *Janicek*, 634 S.W.2d at 691. In assessing an officer's belief that a warrantless entry was justified by an emergency, an objective standard of reasonableness

is applied. *Bray v. State,* 597 S.W.2d 763, 765 (Tex.Crim.App.1980).

The record indicates that in response to the emergency call Officer Barr went to the residence. Upon arrival, he found the two young children who did not know where their parents were. The children were locked out of their home and one of them expressed concern for her three month old brother who was locked inside the residence and who also was unattended. Barr testified that out of concern for the welfare of the three month old child he entered the residence. Considering all the circumstances existing at that time, the officer was justified in believing that an emergency existed and that the three month old's life was in danger. After reviewing all of the evidence, we find the forced entry was justified and that the deputy sheriff was lawfully on the premises. The evidence also established that during the course of the emergency activities, Barr "inadvertently discovered" the photographs. Appellant's second point of error is overruled.

By point of error number three, appellant complains that the trial court erred in admitting testimony of the eight year old over objection that she was not competent to testify.

The competency of a witness to testify is addressed in Tex.R.Crim.Evid. 601. The rule provides that all persons are competent to testify except "children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated." It is well settled that the determination of a witness' competency rests within the sound discretion of the trial judge who observes the witness and notices the witness' demeanor and apparent possession or lack of intellect. *Clark v. State,* 558 S.W.2d 887, 890 (Tex.Crim.App.1977). To determine if there has been an abuse of discretion, we review the entire testimony of the challenged witness. *Clark,* 558 S.W.2d at 890. Our review of the testimony given by the eight year old reveals that she was able to respond to general background questions and to specific questions concerning the events surrounding the incident. The trial court did not abuse its discretion in allowing her to testify. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.