**James Allen GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–93–00112–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 24, 1994.

Decided June 24, 1994.

Discretionary Review Refused Sept. 21, 1994.

James M. Leitner, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

James Allen Garcia's probation in Cause Number 622028 in the District Court of Harris County was revoked, and he was sentenced to five years' imprisonment. The basis of the revocation was that Garcia, during

his probation, had been convicted of injury to a child. In that case, being Cause Number 659472 in the Harris County District Court, he was sentenced to fifty years' confinement.

Garcia raises three points of error. First, he contends that the court's order for the sentences to run consecutively is void and should be deleted.

■ The trial court, in its oral pronouncement of judgment in this revocation proceeding, stated:

Sir, your sentence in Cause No. 659472 will begin to run only after you have completed serving the sentence in Cause No. 622028, and that sentence will begin to run on the 7th of March, 1993.

The written judgment, however, stated that:

And it is further ordered by the Court that the punishment under the sentence here imposed shall begin when the judgment and sentence against this . defendant in Cause No. 662028 in the 184th District Court of Harris County, Texas, wherein the defendant was on the 12th day of August, A.D.1993 duly and legally sentenced to serve a term of 5 years for the offense of burglary of a building shall have ceased to operate.

Obviously, the provision in the written judgment reflects an error of the scrivener. It therefore may be reformed to reflect the true order given by the court in its oral pronouncement. *Mazloum v. State,* 772 S.W.2d 131 (Tex.Crim.App.1989); *McCollum v. State,* 784 S.W.2d 702 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). We will so reform the judgment.

■ In his second point, Garcia contends that the State failed in its proof because it failed to offer evidence that the grand jury did not know the manner or means he used to injure the child, and failed to prove that the grand jury used diligence to discover such manner or means. The motion to revoke alleged that Garcia caused serious bodily injury to Lauren Blewster by breaking her arm "in a manner unknown to the Grand Jury."

■ When the charging instrument alleges that the manner or means used to inflict an injury is unknown, and the evidence at trial does not show such manner or means, there is a prima facie showing that the manner and means were unknown to the grand jury. *Matson v. State,* 819 S.W.2d 839, 847 (Tex.Crim.App.1991). Only if evidence at trial shows the manner or means must the State prove that the grand jury did not know them and used diligence in attempting to ascertain what they were. *Matson v. State, supra,* and cases there cited.

Here, there was no evidence showing what manner and means Garcia used to injure the child. Therefore, the State was not required to prove that the grand jury did not know such manner or means and that it had used diligence to discover them.

Finally, Garcia contends that the evidence that he injured Lauren Blewster was acquired as the fruit of an illegal search and therefore should have been excluded. He does not specify on which constitutional guarantee, whether state or federal, he bases his argument, so we will analyze them under both U.S. CONST. amend. IV and TEX. CONST. art. I, § 9.

■ Testimony showed that Officer Knehaus of the Houston Police Department was sent to Garcia's apartment in an attempt to locate a three-year-old girl, Lauren Blewster, who had been reported missing. Knehaus and other officers knocked on the doors of the apartment for several minutes, but got no response. They then contacted the apartment manager and found out who lived there. They again made repeated attempts to get someone in the apartment to answer. After checking with police headquarters, Knehaus was joined by police sergeants from headquarters. While the officers were continuing to try to get someone's attention in the apartment, they heard a baby crying or moaning from inside the apartment. On instructions from their supervisors and with the help of the apartment manager, the officers entered the apartment. They found the badly injured child wrapped in a blanket and wedged between a bed and the wall.

■ The constitutional guarantees against unreasonable warrantless searches do not bar officers from making warrantless entries

and searches when they reasonably believe that a person within is in need of immediate aid. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *Bolden v. State*, 634 S.W.2d 710, 713 (Tex.Crim.App. [Panel Op.] 1982); *Smith v. State*, 797 S.W.2d 243 (Tex.App.—Corpus Christi 1990, pet. ref'd), *cert. denied*, — U.S. —, 112 S.Ct. 214, 116 L.Ed.2d 173 (1991); *Winslow v. State*, 742 S.W.2d 801 (Tex.App.—Corpus Christi 1987, pet. ref'd).

In this case the officers knew that a three-year-old girl was missing and possibly in danger. When they could not get a response from inside the apartment and then heard the moaning and crying of a small child from within, they were justified in believing that their immediate entry was necessary to assist the child. There was thus sufficient cause and exigent circumstances to justify their entry and search.

We find no error requiring reversal. The judgment is reformed to order that Garcia's sentence in Cause Number 659472 will begin to run only when the sentence in Cause Number 622028 has been completed. As reformed, the judgment is affirmed.