**Byron Skillin WELMAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–202–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 27, 1996.

Rehearing Overruled Jan. 30, 1997.

R. Norvell Graham, Jr., San Antonio, for appellant.

Luis V. Saenz, District & County Attorney, Brownsville, for appellee.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Byron Skillin Welmaker, pleaded guilty pursuant to a plea bargain agreement for possession of cocaine in an amount less than 28 grams after his motion to suppress evidence was denied. The plea bargain agreement provided for seven years deferred adjudication and a $2,500.00 fine. The trial court placed appellant on five years deferred adjudication and fined him $2,500.00. Appellant brings two points of error challenging the sufficiency of the evidence and the trial court's denial of his motion to suppress evidence seized in a warrantless search. We affirm.

On August 5, 1994, the South Padre Island Texas Police Department received a 911 call about a person, by the name of "Byron," who was having convulsions from an overdose. The call was traced to the Sheraton hotel and the 911 dispatch operator reported it to all units and E.M.S. as a "1064" (code for suicide attempt) or "1063" (code for overdose). The name of the victim was not given to the police.

Upon arriving at the Sheraton hotel, police officers and E.M.S. proceeded to Room 615 believing they were responding to an attempted suicide by overdose. Officer Charles E. Morrison testified that they knocked on the door several times before Welmaker opened the door and put his head out. After explaining why they were there and asking about the injured person, Welmaker responded that there was no injured person in the room.

At this point, Officer Morrison testified he heard a shuffling noise inside the room. When asked, Welmaker admitted there was someone else in the room. The officers asked to see the person to make sure they were not in need of medical attention. However, Welmaker did not let them in the room.

The officers asked Welmaker to move aside and entered the room. Officer Morrison testified that Welmaker appeared intoxicated. Once inside the room, Officer Morrison testified that he saw another person in the bathroom attempting to either flush or remove white powder from the bathroom counter. Welmaker and the other defendant were placed under arrest for possession of a controlled substance. Ultimately, no victims were found, and E.M.S. was released.

Appellant's first point of error alleges that the court erred in overruling his motion to suppress evidence seized in the warrantless search of the hotel room. Appellant maintains that the police officers did not have

reasonable suspicion to justify entry into the hotel room.

In reviewing a ruling on a motion to suppress evidence, an appellate court is not at liberty to disturb any finding which is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1981). The appellate court should not engage in its own factual review but should decide whether the trial judge's fact findings are supported by the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress. *Id.* A trial court's ruling on a motion to suppress will not be set aside absent a showing of abuse of discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985).

Both the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution forbid unreasonable searches and seizures. Warrantless searches are per se unreasonable unless they fall under a few exceptions. *Kelly v. State*, 669 S.W.2d 720, 725 (Tex.Crim.App.1984) (citing *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1976)).

 Police officers are not precluded from making warrantless entries and searches when they have reason to believe that a person is in need of immediate aid. *Winslow v. State*, 742 S.W.2d 801, 804 (Tex. App.—Corpus Christi 1987, pet. ref'd) (citing *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978)). The burden of proof is on the State to show that the warrantless entry was justified by an emergency. *Id.* (citing *Janicek v. State*, 634 S.W.2d 687, 691 (Tex.Crim.App.1982)). The reasonableness of the emergency entry is to be judged by the circumstances as they existed at the time the decision was made to enter. *Id.* (citing *Janicek*, 634 S.W.2d at 691). An objective standard of reasonableness is used when assessing an officer's belief that a warrantless entry was justified by an emergency. *Id.* (citing *Bray v. State*, 597 S.W.2d 763, 765 (Tex.Crim.App.1980)).

 The warrantless search of the appellant's hotel room was justified under the emergency doctrine. The record indicates that the police were responding to an emergency 911 call when they went into the hotel room. It was standard operating procedure to secure the area before E.M.S. was allowed in. The appellant's nervousness and intoxication at the door made his statement, that there was no injured person in the hotel room, unreliable. Furthermore, the 911 dispatch operator did not report the name of the victim to the officers.

Officer Morrison: We explained to him why we were there and we asked who the injured person was. He said there was nobody there injured.

Mr. Villalobos: Okay.

Officer Morrison: But at the same time we could hear other movements inside the room, like a shuffling type of noise.

Mr. Villalobos: Okay. So at that point you heard a shuffling noise, and then he told you that there was no problem at that point?

Officer Morrison: Right. He said there was nobody in the room that was injured. We asked if there was anybody in the room with him, and he said yes. We asked if we could see that person just to make sure they were okay. He looked back and did not say anything but did not let us in. At that point, in order just to make—check the welfare of the other person in the room, we asked him to move aside. We went in to check on the welfare of the other person.

The police entered the hotel room in response to an emergency situation. Since the police had reason to believe that a person was in need of immediate aid, a warrantless entry was justified. Appellant's first point of error is overruled.

 Appellant's second point of error challenges the sufficiency of the evidence. Rule 40(b)(1) of the Texas Rules of Appellate Procedure requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for matters raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994). A defendant's general notice of appeal confers no jurisdiction on a court of appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea. *Id.*

The record does not show that appellant obtained permission from the trial court to appeal the sufficiency of the evidence, nor is this a jurisdictional defect. Therefore, this Court is without jurisdiction to hear appellant's sufficiency of the evidence claim.

Accordingly, appellant's two points of error are overruled, and the judgment of the trial court is affirmed.