

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00255-CR

CESAR MENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-426,154, Honorable John J. "Trey" McClendon, Presiding

August 13, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Cesar Mendez, entered a plea bargain agreement with the State. In accordance with the terms of the plea bargain, appellant entered a plea of guilty to the offense of burglary of a habitation with intent to commit the felony offense of aggravated assault[1] and was sentenced to confinement for ten years with the sentence suspended for eight years pursuant to the terms and conditions of community supervision. The State subsequently filed a motion to revoke appellant's community supervision. After a hearing on the State's motion to revoke community supervision, the trial court revoked

---

[1] See TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

appellant's community supervision and ordered appellant to serve the original ten year sentence in the Institutional Division of the Texas Department of Criminal Justice. When the trial court pronounced judgment, it found that the allegations contained in each of the two paragraphs of the State's application to revoke were true. The written judgment of revocation, however, found the allegation contained in the first paragraph "Not True." Appellant gave timely notice of appeal.

Appellant's sole issue on appeal is a request to have the written judgment reformed to comport with the oral pronouncement rendered following the hearing. We will reform the judgment and affirm.

Analysis

Our review of the record reveals a scrivener's error between the oral rendition of judgment and the final written judgment. Very clearly, the trial court found that appellant had violated both terms and conditions of community supervision as alleged in the State's motion to revoke. However, the written judgment reflects only one violation. In such case, this Court may modify the judgment to reflect the trial court's true order as given in its oral pronouncement. See Garcia v. State, 880 S.W.2d 189, 190 (Tex.App.— Texarkana 1994, pet. ref'd) (citing Mazloum v. State, 772 S.W.2d 131, 132 (Tex.Crim.App. 1989)). Accordingly, we modify the judgment of the trial court to reflect that the trial court found that both allegations contained in the State's motion to modify were true. See TEX. R. APP. P. 43.2(b). We affirm the judgment of the trial court, as modified.

Per Curiam

Do not publish.